John Boyce and others, Respondents, *v.* Jesse Brockway, Appellant.

Where the assumption of dominion over property is in hostility to the rights of the true owner, such assumption amounts, in law, to a conversion.

Where the defendant received a number of firkins of butter, a part of which he was notified belonged to the plaintiffs, but notwithstanding he shipped them all as his own, such act amounted to a conversion for which he is liable.

To maintain an action for the wrongful conversion of property, it is enough that the rightful owner has been deprived of it by the unauthorized act of another assuming dominion over it.

This action was brought for the conversion of a quantity of butter. It was tried at the Schoharie Circuit in November, 1858, before Mr. Justice Gould and a jury. It appeared on the trial that in the fall of 1856 the plaintiffs were engaged as partners in the purchase of butter. That one Brown was employed in purchasing butter at Summit for the defendant, but at times when defendant stopped him from purchasing on his account, he bought as agent for plaintiffs. The butter in question was bought by Brown for plaintiffs. It was in firkins, marked "S. V. B.," which were the initials of the maker's name. Brown loaded it, to be carried to one of plaintiffs, on a sleigh with twelve or thirteen firkins of defendant's butter, which were marked with the initial "B.," and at that time he marked the plaintiffs' firkins with a cross in red chalk. The load was sent from Summit to Catskill, and there delivered to defendant, who received the same at his warehouse. The defendant had at that time a large quantity of butter in his warehouse, and shortly afterwards shipped the whole, amounting "to two hundred and twenty odd firkins," on board the steamer Hero, for New York. He sold (as he testified) to one Mitchell all the butter that he received in New York from the steamer, being 215 firkins. The proprietors of the Hero afterwards paid him $40 for butter not delivered. Evidence was given on the part of the plaintiffs tending to show that when the load was delivered to the defendant at Catskill he was informed that some of

the butter belonged to plaintiffs, but defendant testified that he was wholly ignorant that any butter but his own was delivered to him. After the butter was delivered at Mitchell's, in New York, Brown examined the firkins there and could not find any of plaintiffs'.

On the trial the defendant offered to show by Mattice, one of plaintiffs, that he had assigned his interest in the subject matter of the action, and was not then the owner thereof. This was excluded under objection, and defendant excepted. The defendant also offered to prove "that the plaintiffs, other than Mattice, were not partners." The court excluded the evidence, and defendant excepted. At the close of plaintiffs' evidence, the defendant moved for nonsuit on the ground that the action was not sustained; the motion was denied, and defendant excepted. The defendant gave evidence tending to show that the butter he received was his own; that he had no knowledge that plaintiffs owned any of the butter, and acted in good faith in receiving the load from Brown. The counsel for defendant requested the court to charge "that if the butter in question went into defendant's possession, at Catskill, without his knowledge that it was the plaintiffs', then, and in that case, if he took the same care of it that he did of his own, and it was lost without his fault, this action was not sustained; the court refused so to charge, and defendant's counsel excepted. The counsel for defendant further requested the court to charge "that if defendant received the butter at Catskill, and was told that there were some firkins of butter of plaintiffs', and these were not pointed out, but were so mixed that he could not select it without his fault, he had a right to send it to New York, and if it was lost without his fault no action would lie; that he was not bound to stop his own butter because some other had been mixed without his fault. The court declined so to charge, and defendant excepted. The defendant's counsel further requested the court to charge the jury "that if they credited the defendant's testimony, he was not guilty of converting the butter;" which the court refused to do, and defendant excepted. The jury found for the plaintiffs; and the excep-

tions were ordered to be heard in the first instance at General Term. The motion for new trial was denied, and judgment ordered for plaintiffs by the General Term of the third district, and from the judgment entered thereon the defendant appealed to this court.

*A. Becker,* for the appellant.

*S. L. Mayham,* for the respondent.

DAVIS, J. The offer to show that one of the plaintiffs had assigned his interest in the cause of action and was not then the owner thereof, was properly excluded. That fact, if proved, would not affect the right to proceed with the action (Code, § 121), nor would it present any question for the jury. The offer also to show that "the plaintiffs, *other than Mattice,*" were not partners, was properly excluded. Evidence had been given to show that all the plaintiffs were partners in, or joint owners of the butter in question, and the offer should have been directed to that fact. It was quite immaterial to show that three of the plaintiffs were not partners aside from the fourth, in the butter, for the plaintiffs' proof that the partnership consisted of four persons, was necessarily a concession that it did not consist of three.

The motion for nonsuit was correctly disposed of. The plaintiffs had shown substantially that several firkins of this butter, which had been sent to them by Brown, had been delivered to defendant at Catskill; that he had received the same with notice that some portion of the butter belonged to plaintiffs, and afterwards shipped it as his own to New York. This was a very clear *prima facie* case, and it would have been error to have taken it from the jury by granting the motion for nonsuit.

The defendant gave evidence tending to show that he received the butter in question in good faith, supposing it to be his own, and without any knowledge that it belonged to plaintiffs. He requested the court to charge that "in that case if he took the same care of it as his own, and it was lost without his fault, this action was not sustained." The

charge as requested would have been proper if the defendant had, under such circumstances, simply received the butter and stored it in his warehouse. Such an act would not have been the exercise of such dominion over it, as would amount to a conversion without proof of a demand and refusal. There would be no sufficient assumption of ownership by a mistaken acceptance of the property so delivered, to render him chargeable for any relation beyond that of bailee; but quite a different question arose when he shipped the butter to New York *as his own.* That was an assumption of dominion, which, whether founded on mistake or not, was in hostility to the ownership of plaintiffs. The law on this subject is well settled. "The proof," says BROWN, J., in *Cobb* v. *Dows* (9 Barb., 242), "need not show a tortious taking, or that the defendants acted in bad faith. If it should appear that they obtained the goods fairly from a person whom they had reason to think was the true owner, or if they acted under a mistake as to the plaintiffs' title, or under an honest but mistaken belief that the property was their own, they would still be liable to plaintiffs if their acts in regard to it amount to a conversion. If they have taken it into their own hands, or disposed of it to others, or exercised any dominion over it whatever, they are guilty of a conversion, and their liability to plaintiffs is established." This exposition of the law is fully sustained by the authorities. (*Perkins* v. *Smith* 1 Wils., 328; *Everett* v. *Coffin*, 6 Wend., 603; *Williams* v. *Merle*, 11 id., 80; *Saltus* v. *Everett*, 20 id., 267; *Hoffman* v. *Cason*, 22 id., 285; *Covell* v. *Hill*, 4 Denio, 323; *Allen* v. *Crary*, 10 Wend., 349; *Murray* v. *Burling*, 10 Johns., 175; *Schroeple* v. *Corning*, 5 Denio, 240; *Connah* v. *Hall*, 23 Wend., 462.)

A wrongful intent is not an essential element of the conversion. It is enough in this action that the rightful owner has been deprived of his property by some unauthorized act of another assuming dominion or control over it.

There was nothing in the case to justify the request to charge as to the effect of mixing the butter. It was not mixed in any sense to call for the application of the rule

sought to be invoked. It was in separate firkins, distinctly marked with the initials of the maker, and by a cross on the end of each firkin in red chalk; and there was no wrongful act of admixture on the part of the plaintiffs or their agent that could affect its identity or tend to destroy the identity of defendant's firkins.

Nor was it error to decline to charge the jury that "if they credited the defendant's testimony he was not guilty of converting the butter." The charge as given is not stated in the case. We must presume it presented the questions of fact fully and fairly to the consideration of the jury. The court was under no obligation to adopt the form of charge suggested by the request, and thus, in effect, limit the consideration of the jury to the credit to be given to the testimony of a single witness. It is not necessary to say that such a form of charge would be erroneous. It is clear that it might have a tendency to mislead a jury from the questions of fact to a mere question of the credibility of a witness, and, therefore, its adoption by the court is not a matter of legal right.

The judgment of the General Term should be affirmed.

All the judges concurring,

Judgment affirmed.