GEORGE E. C. BUFFINGTON *vs.* SAMUEL W. CLARKE.

Proof of demand and refusal to deliver is only *primâ facie* evidence of conversion.
Hence, when a watch had been in possession of B., a woman who had lived and died at the house of her brother, and A., after her death, demanded the watch from the brother, who replied that the watch was safe; that he did not feel at liberty to deliver it to any one till B.'s will had been proved; and that he would as soon as possible attend to the proof; it appearing that B. had treated the watch as hers, and that it was in the brother's house with the other effects of B. and as a part of such effects, —
*Held,* no evidence of conversion by the brother.

DEFENDANT'S petition for a new trial.

*January* 22, 1877. PER CURIAM. The plaintiff sues the defendant in trover for the conversion of a watch. The action was tried in the Court of Common Pleas, where a verdict was rendered for the plaintiff, and comes before us now on the defendant's petition for a new trial, on the ground that the verdict was against the evidence. The report of the testimony shows that the watch originally belonged to the plaintiff's father, who gave it to the plaintiff shortly before his death, and that the plaintiff allowed his father's widow to take and carry it, with the understanding that it should come back to him at her death. The watch remained in her possession until her decease on September 13, 1884. She was a sister of the defendant, and died at his house, where she had been living for two or three years. There was some talk about the watch at the funeral, but no positive demand for it was made. Indeed, the plaintiff was not present at the funeral. A few days later the plaintiff sent a letter to the defendant demanding the watch. The defendant replied that his sister, the widow, had left a will, which he had; that he would have it probated at the earliest moment; that the watch was safe; and that until some one was appointed to take charge of his sister's effects he should not feel at liberty to pass the custody of

it to anybody else. Thereupon the plaintiff began this suit, the writ therein being dated September 25, 1884. It does not appear that the defendant had any knowledge that the watch belonged to the plaintiff in the lifetime of his sister, and he himself testifies that his sister always treated and spoke of it as her own. Neither does it appear that the defendant at the time of the demand had any possession of the watch other than as he had possession of the other effects of his sister, by their being in his house, nor that he asserted any claim or right to it.

We do not think that the jury were warranted on this testimony in finding a conversion by the defendant. He did not absolutely refuse to deliver the watch to the plaintiff, but only declined to take it from among his sister's effects and deliver it to him before the appointment of the executor. Proof of demand and refusal is only *primâ facie* proof of conversion, and is always open to explanation. When the refusal is only for a time, for the purpose of ascertaining ownership, no conversion can be inferred unless the refusal is unreasonably prolonged. The refusal must amount to a denial of the demandant's right in order to be a conversion. There does not appear to have been anything in the conduct of the defendant, or in the language used by him as reported, which could warrant the jury in finding a denial of the plaintiff's right, or anything more than the taking of a reasonable time to inquire into and ascertain his duty. *Singer Manufacturing Co.* v. *King*, 14 R. I. 511; also in 24 Amer. Law Register, N. S. 48, 51, note. *Petition granted.*

*Edward D. Bassett*, for plaintiff.

*James Harris*, for defendant.