# Mildred Blakey and Wife, in Right of Said Wife, Plffs. in Err., v. Bernard A. Douglass et al., Trading as B. A. & T. E. Douglass.

On the trial of the general issue, in an action of trover, the plaintiff must prove his title to the property and his right of immediate possession.

In trover, if actual conversion be shown, evidence of demand and refusal is unnecessary; but if not, there must be proof of such a demand, and refusal by defendant, as will warrant the inference of actual conversion.

Refusal to comply with a demand is not *ipso facto* conversion; but only a fact from which conversion may be inferred, if the other circumstances warrant such inference; if they do not, the jury should be instructed to find for defendant.

Defendant may show outstanding paramount title to the property, or that he has not converted it, or that it has not been properly demanded.

Where one party claims title to personal property under a sale from one of two partners, such title is good as against a title under an execution against the firm, levied after such sale.

(Argued October 15, 1886. Decided October 25, 1886.)

October Term 1886, No. 192, W. D. Error to the Common Pleas of Cambria County to review a judgment on a verdict directed for defendants in an action of trover and conversion. Affirmed.

This action was brought by Mildred Blakey and Elizabeth, his wife, in the right of the wife, to recover the value of a portable steam sawmill. Blakey & Rhino, former employees of the Pittsburgh Furnace Company, entered into a partnership arrangement and purchased the mill in question from the Pittsburgh Furnace Company, agreeing to pay for it in lumber. They shipped it to the land of the beneficial plaintiff in Penn Run township, Indiana county, with whom they had an agreement to

Cited in Knapp v. Miller, 133 Pa. 275, 283, 26 W. N. C. 32 19 Atl. 555, holding that defendant may show that the taking of the property was rightful and did not amount to a wrongful conversion.

Note.—For the right of a bailee to assert a paramount title in a third person, see note to Andrews v. Wade, *ante,* 133.

It was the duty of the bailee to recognize the title of the purchaser from his bailor. Weston v. National Transit Co. 19 W. N. C. 378; Clowes v. Hughes, 3 Pa. Super. Ct. 561; People's Bank v. Etting, 108 Pa. 258.

buy the timber on such land.    After a quantity of lumber was
sawed, most of which was shipped to the furnace company,
Blakey (considering the enterprise a failure) left the mill in the
charge of his minor son and Rhine.    After a fruitless effort to
get along Rhine also left and went back into the employ of the
furnace company.    Rhine testified at the trial, and was cor-
roborated by Hemphill, that after he returned to the company
he entered into a written agreement with Hemphill, one of its
directors, to sell the mill to the company.    There was also a
private agreement that if the company should sell the mill for
more than the debt due it, the balance should be divided between
Blakey and Rhine.

Joseph Glenn & Sons leased the mill from Rhine for the term
of one year expiring September 1, 1884, and after the sale to the
furnace company held it under the Pittsburgh Furnace Com-
pany.    Before Glenn & Sons' contract expired they entered into
a contract with the defendants to take the mill upon their
premises and run it there.    After Glenn & Sons' lease from the
Pittsburgh Furnace Company expired the defendants continued
to use the mill upon the same terms, treating the Pittsburgh Fur-
nace Company as the owner.    While the mill was in the pos-
session of Glenn & Sons, Elizabeth Blakey, beneficiary plaintiff,
obtained a judgment against Blakey & Rhine, and under exe-
cution issued thereon the mill was sold by the sheriff of Cambria
county and purchased by her for $500.    The plaintiff claims
title to the mill by virtue of this sale to her.

On May 4, 1885, one Berringer, plaintiff's agent, called on de-
fendants, who were in possession of the mill and served them
with the following notice signed by Elizabeth Blakey.

To B. A. and T. E. Douglass,
                    Indiana County, Pa.
Demand is hereby made upon you to surrender to the bearer
as my agent the steam sawmill, shinglemill, engine attached and
fixtures, now in your possession, which you received from Joseph
Glenn & Sons, or which they had formerly in their possession,
under me, at your peril.

And you are further notified to pay the rents accruing from
said mill since it has been in your possession to the undersigned,
as the owner thereof.

April 30, 1885.

The defendants informed Berringer that they were not claiming the property but held it for another party.

The court below, JOHNSTON, P. J., directed a verdict for the defendants, upon which judgment was entered; and the plaintiffs took this writ, assigning, *inter alia,* as error the action of the court in directing such verdict.

*George M. Reade,* for plaintiffs in error.—The learned court took the case from the jury and directed a verdict for the defendants, on the ground that no sufficient demand had been made for the surrender of the property to the plaintiffs. In this it is contended there was plain error. Wagenblast v. M'Kean, 2 Grant Cas. 393.

Every assumption of property in or exercise of authority over the goods of another, inconsistent with the title of the rightful owner, or in exclusion of his right, is a conversion. Bristol v. Burt, 7 Johns. 254, 257, 5 Am. Dec. 264; Shotwell v. Few, 7 Johns. 302, 306; Murray v. Burling, 10 Johns. 172, 175.

Where there is actual conversion, or where possession is obtained by fraud or force, or through a sale by a partner against the consent of his copartner, no demand is necessary, and trover will lie. Yeager v. Wallace, 57 Pa. 365, 368.

And this was a question for the jury. Ibid.

So where personal property was sold on a judgment confessed by one of the partners for a partnership debt; held, that the sale was valid, and trover would lie against persons claiming by assignment from one of the partners. Carey v. Bright, 58 Pa. 70, 77, 83, 84.

Where the demand and refusal were on the same day, the verdict and judgment being for the plaintiff, held, it was for the jury to determine whether the demand preceded the suit. Prentiss v. Hannay, 4 Whart. 508, 513.

The defendants did not pretend to be the agents of the furnace company, but were acting for themselves. Thus trover was sustained against a manager of a nail factory for a machine put up during his management; but it was also held that the manner of taking and the conversion must be decided by the jury. Berry v. Vantries, 12 Serg. & R. 89, 90, 93.

The extent of ownership of the plaintiff, the demand and conversion, were questions exclusively for the jury, and there was

error in directing a verdict for the defendants.    Agnew v. Johnson, 17 Pa. 373, 55 Am. Dec. 565; Walworth v. Abel, 52 Pa. 370; Wilson v. Reed, 3 Johns. 175, 179.

*Kennedy & Doty* and *A. V. Barker,* for defendants in error.—It was competent for defendants to show paramount title in a third party.    Sylvester v. Girard, 4 Rawle, 185.

Where goods have come lawfully into the defendant's possession, in the absence of an actual conversion, the plaintiff must demand them and defendant refuse to deliver them up, in order to constitute a conversion.    Jacoby v. Laussatt, 6 Serg. & R. 300; Yeager v. Wallace, 57 Pa. 368; Storm v. Livingston, 6 Johns. 44; Purves v. Moltz, 5 Robt. 653; Dodge v. Johnson, 3 Thomp. & C. 237; Gillet v. Roberts, 57 N. Y. 28.

In order to make a person guilty of a wrongful conversion of property, there must be an illegal assumption of ownership, with knowledge of the real owner's title thereto, or a claim of title in defiance thereof.    Nelson v. Whetmore, 1 Rich. L. 318; Beckley v. Howard, 2 Brev. 94; see 6 Wait, Act. & Def. p. 169; Carroll v. Mix, 51 Barb. 212.

A refusal to deliver goods when demanded is only evidence of a conversion; and when such refusal may be considered only as the result of a reasonable hesitation, in a doubtful matter, it is not sufficient evidence to prove a conversion.    Robinson v. Burleigh, 5 N. H. 225; Fletcher v. Fletcher, 7 N. H. 452; 28 Am. Dec. 359; Sargent v. Gile, 8 N. H. 325.

One who is in possession of the property of another is bound to surrender it upon the demand of the owner; but if he does not know the applicant to be the owner he has a right to reasonable proof of that fact.    Dowd v. Wadsworth, 13 N. C. (2 Dev. L.) 130, 18 Am. Dec. 567.

If the party in possession, in consequence of his not being reasonably satisfied that the person making the demand is authorized to receive the property, refuses in good faith to deliver it to such person, the demand will be held insufficient. Blankenship v. Berry, 28 Tex. 448.

OPINION BY MR. JUSTICE STERRETT:

The action of trover is grounded on the legal fiction of finding personal property casually lost by the owner, and subsequent conversion of the same by the finder to his own use or the use of

another. As was said by Lord MANSFIELD: "In form it is a fiction; in substance it is a remedy to recover the value of personal chattels wrongfully converted by another to his own use." 1 Chitty, Pl. 162.

The gist of the action is the wrongful conversion. On trial of the general issue, it is incumbent on the plaintiff to prove that before and at the time of conversion he had a complete title, either general or special, to the property in controversy, coupled with the right of immediate possession; and that the property has been wrongfully converted by the defendant to his own or another's use. If actual conversion be shown, evidence of demand and refusal, before bringing suit, is unnecessary; but if not, there must be proof of such a demand on and refusal by the defendant as will warrant the inference of actual conversion. Refusal to comply with a proper and formal demand is not *ipso facto* conversion. It is only a fact from which a wrongful conversion may be inferred, provided the circumstances are such as to warrant that inference. If they are not, the case should be withdrawn from the jury by binding instructions to find for the defendant, as was done in this case.

The defendant may rebut either of the allegations of fact on which the plaintiff's right of action depends. For example, he may show outstanding, paramount title to the property in controversy, or that he has not wrongfully converted it to his own use, or that it has never been properly demanded by the plaintiff, etc.

To maintain the issue on her part, the beneficial plaintiff introduced testimony tending to prove that by virtue of an execution issued October 30, 1883, on a judgment against Blakey & Rhine, the property in controversy, a portable steam sawmill, was levied on as the property of that firm, and sold to her by the sheriff on the 29th of November following. Testimony was also introduced which she claims tended to prove a demand on defendants for the mill, and their refusal to comply therewith.

The defendants, conceding that prior to the 20th of September preceding the sheriff's sale the mill was the property of Blakey & Rhine, introduced testimony tending to prove that on the last-mentioned date, more than a month before the execution on which it was sold was issued, the mill was sold and delivered by the firm to the Pittsburgh Furnace Company in payment of balance of the purchase money due on the mill. As to the fact that the mill was thus sold by Rhine, one of the partners, to pay

a firm debt, the testimony was positive and uncontradicted, and the witnesses who testified thereto were not impeached. If the case had been submitted to the jury on the question of paramount title, it is difficult to see how they could have found otherwise than that the furnace company owned and was in possession of the mill when the execution above mentioned was issued. If that was so the beneficial plaintiff took nothing by her purchase at the sheriff's sale.

There was no direct proof of conversion, but plaintiffs claimed there was evidence of demand and refusal from which the inference of wrongful conversion might be drawn by the jury. The learned judge, however, was of opinion that the testimony on that subject was not such as to warrant the inference sought to be drawn therefrom, and he accordingly instructed the jury to render a verdict for defendants. In so doing it is contended there was manifest error; but, in view of facts about which there could be no controversy, we are not prepared to say there was.

The only parties claiming title to the mill were the Pittsburgh Furnace Company and Mrs. Blakey, the former by purchase at private sale, and the latter by purchase at sheriff's sale on an execution issued more than a month after the date of the private sale. Immediately after the sale and delivery of the mill to the furnace company it was left by that company in the care and keeping of Glenn & Sons, to whom it had been leased by Rhine, one of the firm of Blakey & Rhine, who then owned it. Subsequently it passed into the possession of defendants under a similar arrangement.

The position of the defendants was well known to the beneficial plaintiff. They at no time claimed the mill as their own; and nothing that was ever said or done by them would warrant the conclusion that they intended to convert or ever did wrongfully convert it to their own use or the use of the Pittsburgh Furnace Company, from which they received it. It is very evident, moreover, that the so-called demand was made not so much for the purpose of obtaining possession of the mill as with the view of entrapping the defendants and compelling them to pay the value thereof. Again; they could not have fully complied with the demand made upon them, without surrendering the shingle mill, included therein, to which no title whatever was shown by the plaintiffs. In short, the evidence both as to plaintiffs' title to the mill, and the fact of wrongful conversion by defendants,

was not such as would have warranted the jury in finding either in favor of plaintiffs. If the case had been submitted to the jury and they had returned a verdict in favor of plaintiffs, the court below, doubtless, would have felt constrained to set it aside.

The view we have taken of the controlling question in the case renders it unnecessary to consider the remaining specifications of error.

Judgment affirmed.