## McClellan v. Wyatt.

*(City Court of New York, General Term.  December 1, 1890.)*

CONVERSION—EVIDENCE.

Plaintiff's goods, in possession of a railroad company, were placed on storage with defendant, the company's storekeeper.  After the sale of the goods by the company as unclaimed baggage, plaintiff tendered the freight charges to defendant, and demanded a return of the goods, and, the demand not being complied with, brought trover for their conversion.  *Held*, that there had been no conversion by defendant, and that it was error not to permit him to prove the sale of the goods by the company.

Appeal from trial term.

The action is in trover for the conversion of two cases of goods shipped by the plaintiff at Titusville, Pa., on the New York, Lake Erie & Western Railroad, in May, 1884.  The theory of the plaintiff is that after the goods arrived at New York they were placed on storage with the defendant; that he refused to give them up on tender of the proper charges.  Hence the conversion.  The evidence proved that the defendant was a mere employe of the railroad company, to-wit, its store-keeper.  That on May 15, 1884, the goods arrived in New York, and the defendant notified the plaintiff of their arrival.  About August 1, 1884, the plaintiff called for his goods, and the defendant, at his request, figured up the freight charges.  Plaintiff said: "Shall I pay them?"  Defendant said: "Are you going to take the goods out?"  Plaintiff said, "No."  Defendant testifies that he said to plaintiff: "You need not pay till you take them out.  The company will keep your goods for twelve months."  The plaintiff testifies substantially to the same facts, except that no time for keeping the goods was specified.  The defendant offered to prove that the goods were sold at auction by the railroad company as unclaimed baggage, May 27, 1885, pursuant to the statute.  2 Rev. St. (7th Ed.) p. 1586, § 10; Id. p. 1589, §3; 3 Rev. St..(7th Ed.) pp. 2260, 2262.  The evidence was excluded under exception.  The defendant proved that the only possession he had of the property was as employe of the railroad company.  He admitted the tender made, and its sufficiency, and placed his refusal to deliver the property on the facts stated.  The tender and refusal were after the alleged sale.  The question presented is whether these facts establish any breach of duty on the part of the defendant that makes him liable for the value of the property claimed.

Argued before McAdam, C. J., and Fitzsimons, J.

*J. A. Buchanan* and *Charles Steele,* for appellant.  *McCarthy, Lawrence & Buckley,* for respondent.

McAdam, C. J.  The defendant was not guilty of breach of duty, and there was no conversion of the property by him.  The freight charges were not paid, and the property never left the control of the railroad company until after the sale by it, hereafter referred to.  The defendant never had possession of the property except in a qualified sense,—as an employe of the railroad company, subject to its control and direction.  He offered to prove that his employer sold the property before any demand was made upon him for it.  This testimony ought to have been received, as it tended to show that compliance with the demand on his part was impossible.  Refusal to deliver on demand is not in itself conversion, only evidence of it, and a defendant is always at liberty to show lawful reasons for not complying with a demand made, such as inability to comply, arising from no fault of his.  In order that a refusal may constitute a conversion, the demand must be made under such circumstances (ordinarily in the presence of the goods) that if the defendant were willing to do so he would be able to deliver over the goods.  Wilde, C. J., in *Towne* v. *Lewis,* 7 C. B. 611, says: "Authorities are not wanting to show that a party is not guilty of conversion because he does not restore

the chattel, when it is not at the moment in his possession, and under his immediate control." In *Canot* v. *Hughes*, 2 Bing. N. C. 448, some wine warrants, demanded of an administrator, were in the hands of the attorney of her deceased husband, and it was held not to be a refusal to refer the plaintiff to him. If the defendant has not the possession or control of the goods, a failure to comply with a demand is not a conversion. *Andrews* v. *Shattuck*, 32 Barb. 396; *Yale* v. *Saunders*, 16 Vt. 243; *Robinson* v. *Burleigh*, 5 N. H. 225; *Gillett* v. *Roberts*, 57 N. Y. 28. In the case last cited, EARL, C., said of goods demanded at a distance: "Where words are relied upon to prove a conversion they must be uttered under such circumstances in proximity to the property as to show a defiance of the owner's right, a determination to exercise dominion and control of the property, and to exclude the owner from the exercise of his rights." See, also, *Blakey* v. *Douglas*, 6 Atl. Rep. 398; *Buffington* v. *Clarke*, 8 Atl. Rep. 247; *Abington* v. *Lipscomb*, 1 Q. B. 776; *Rushworth* v. *Taylor*, 3 Q. B. 699; *Shearin* v. *Riggsbee*, 97 N. C. 216, 1 S. E. Rep. 770. There was no proof that defendant kept a warehouse, or had any interest in the building where the goods were stored, or that his alleged possession was different from that described by him, to-wit, as a mere employe of the company. The proceedings under the statute, whether conducted properly or not, were material to show that by the acts of the company the property was placed beyond the control of the defendant—without his agency—before demand was made on him for the property. If it had been proved that the actual possession of the property had passed from the railroad company to the defendant, as a warehouseman, prior to the sale, the defendant might have become liable; but no responsibility attaches to the defendant for his acts performed within the scope of his duties as a servant of the company. In *Alexander* v. *Southey*, 5 Barn. & Ald. 247, it appeared that goods, the property of the plaintiff, had been, by servants of an insurance company, carried to a warehouse, of which the defendant, a servant of the company, kept the key, and the defendant, on being applied to by the plaintiff to deliver them up, refused to do so without an order from the company, and it was held that. this was not such a refusal as amounted to a conversion of the goods by the defendant. HOLROYD, J., said: "In point of law, the goods were only in the custody of the defendant, and in the possession of his employer, the insurance company. If we were to hold this refusal to be a conversion, it would go this length: That if a person were to call at a gentleman's house, and to ask his servant to deliver goods to him, and the servant were to refuse to do so unless a previous application was made to his master, it would amount to a conversion by the servant." In that case a judgment for the defendant was affirmed. In *McDougall* v. *Travis*, 24 Hun, 590, it was held that an action of replevin cannot be maintained against a freight agent of a railroad company for a refusal to deliver freight to the consignee until certain charges thereon have been paid, where he makes no claim to, and has no possession or control of, the property, except as the agent or servant of the company. This, upon the theory that the servant had no such possession as gave him the dominion of the property, and that its control was in the corporation he represented. That what he did was in law the act of the principal because exercised within the legitimate scope of his agency, and pursuant to its terms. In *Chambers* v. *Lewis*, 16 Abb. Pr. 444, the court of appeals held that "the possession of the agent of the defendant was his possession; and the conversion was equally as effective by his refusal to permit his agent to deliver the goods as if they had been in his actual possession, and he had refused to deliver them himself." This, upon the familiar doctrine that the possession of the agent must be regarded as the possession of the principal. We do not intend to hold that an agent or employe may in no case make himself liable for an unqualified refusal to give up property under his control. Cases of this character vary so, that each must stand on its own

peculiar merits, it being impossible to lay down a rule comprehensive enough to cover all. For the error in refusing to permit the defendant to prove the sale by his employer, the railroad company, and his consequent inability to comply with the demand when made, and upon the further ground that the defendant, upon the evidence, was not guilty of conversion or breach of duty, the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.