(4 App. Div. 616)

TASKER v. RYAN.

(Supreme Court, Appellate Division, Third Department. April 14, 1896.)

REPLEVIN—WHO LIABLE—MORTGAGEES.

A mortgagee of chattels to which the mortgagor had no title is liable to the real owner where he sells the chattels under the mortgage and delivers them to the purchaser after notice of the owner's claim, and it is no defense that he parted with the possession or control of the chattels before the action against him was commenced. Putnam, J., dissenting, on the ground that plaintiff failed to show title.

Appeal from county court.

Replevin by Benjamin M. Tasker against Thomas Ryan. There was a judgment in favor of defendant, and plaintiff appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

M. H. O'Brien for appellant.

Potter & Kellogg (Y. A. Kellogg, of counsel), for respondent.

LANDON, J. I advise reversal. The judge directed a verdict. The jury might have found upon the evidence (1) that De Forrest, the vendor of the furniture to Saunders, never forfeited Saunders' right to pay the balance due the vendor upon it; (2) that Brewer, in paying the vendor the balance due from Saunders thereon, did so as the tenant of Saunders, or as his agent and manager; (3) that the bill of sale from the vendor, De Forrest, to Brewer (defendant's Exhibit 2), was merely given to enable Brewer, as he said, to show Saunders as a voucher. These facts being found, then Brewer had no title. The mortgagees had only such rights as Brewer, the mortgagor, had at the time he gave the mortgage; and thus the mortgage under which defendant sold the furniture did not impair Saunders' right. The defendant did more than a mere servant disclaiming power to deliver goods intrusted to him by his master upon the demand of a stranger. There is evidence tending to show that after he knew of plaintiff's claim he exercised dominion over the property, assumed to control the possession, and, as he testifies, delivered the property to the purchaser. Allen v. Crary, 10 Wend. 349; Knapp v. Smith, 27 N. Y. 277; Boyce v. Brockway, 31 N. Y. 493; Wells, Rep. §§ 362, 364; Story, Ag. § 312. "He who assumes to deal or intermeddle with chattels not his own must see to it that

he has a warrant therefor from the owner, or from one who has authority from the owner to confer such warrant." Spraights v. Hawley, 39 N. Y. 441. The fact that defendant may have parted with the possession or control before this suit was commenced would not be a defense. Barnett v. Selling, 70 N. Y. 494; Nichols v. Michael, 23 N. Y. 264.

PARKER, P. J., and HERRICK and MERWIN, JJ., concur.

PUTNAM, J. (dissenting.) The plaintiff, to sustain his action in the county court, was required to establish his title to the chattels described in the complaint, and that they were, or had been, wrongfully possessed, taken, or detained by the defendant. I think he failed to show title. .Both parties claim under De Forrest, who made a conditional contract for the sale of the property in question, with the plaintiff's vendor, Saunders, by which he retained the title to the furniture until the whole purchase price was paid. Neither Saunders nor plaintiff ever paid, or tendered payment of, the balance due for such purchase price, and hence neither acquired title. The title to the furniture so remaining in De Forrest, Brewer (under whom Newton and Hill and the other mortgagees claim) paid the balance due on the contract, and received the bill of sale, which transferred to him De Forrest's interest in said furniture. It did not appear that Brewer made the payment to De Forrest with money belonging to Saunders; nor was there any evidence, sufficient to submit to a jury, that there was any breach of contract or fraud on the part of Brewer in taking the bill of sale. The evidence of the witnesses Armstrong and Hicks, tending to show that, under the contract between Saunders and Brewer, the latter was to pay certain bills of the former, is not in conflict with the uncontradicted testimony of Brewer that he was to pay those bills from Saunders' share of the profits of running the hotel, and that there were, in fact, no profits. The evidence established the fact that Brewer was compelled to advance money to pay for the furniture in question. I think, therefore, he had the right (advancing his own money to retain the furniture in the hotel) to take an assignment of De Forrest's interest therein; and Saunders, or the plaintiff, as his vendee, could only obtain title thereto by paying or tendering the balance due on the purchase price thereof.

I am also of the opinion that plaintiff failed to show such a wrongful interference with or detention of the property in question by the defendant as was necessary to be proved, to maintain the action against him. Brewer obtained the legal title to the furniture through the bill of sale from De Forrest, the legal owner thereof. That title Brewer transferred to the mortgagees, for whom, at the time the action was commenced, the defendant was acting as agent. If it is conceded that the act of Brewer in taking the bill of sale was a fraud on Saunders, yet there was no evidence that the mortgagees or Ryan knew of Brewer's breach of faith. Therefore, before the plaintiff could maintain the action, it was necessary to make a proper demand for the possession of the goods. Hovey v. Brom-

ley, 85 Hun, 540, 33 N. Y. Supp. 400; Goodwin v. Wertheimer, 99 N. Y. 149, 1 N. E. 404. It was shown that the property was moved from the Eldridge House by the mortgagees to the warehouse of one of them, and hence, when the demand was made of Ryan, was in the actual possession of the mortgagees. It does not appear that the furniture was at that time even in the custody of Ryan. In Goodwin v. Wertheimer, supra,—also an action of replevin,—the goods were demanded of an agent in charge of them. Andrews, J., in his opinion, says:

"The refusal of a servant to deliver goods intrusted to him by his master, on a demand by a stranger, is not sufficient evidence to maintain replevin against the servant, nor against the master, when a demand and refusal is necessary to make the possession of the defendant tortious."

It will be observed that in the case cited the servant or agent had the actual custody of the property sought to be recovered, while in the case under consideration, as far as the evidence discloses, the property remained in the warehouse, and in the actual possession and custody of the mortgagees. Hence, there was no sufficient demand of the goods to show an unlawful detention thereof by Ryan or the mortgagees, or to entitle the plaintiff to maintain the action. It was not shown that the defendant was ever in the possession of the furniture in question. As we have seen, it was moved by the mortgagees to their warehouse, and, at the time of the demand and sale, was at that place, presumably in the actual possession and custody of the mortgagees. It is true one of the witnesses (Converse) testified that the defendant, at the time he replevied the property, was in possession of the goods in question; but on cross-examination he said:

"I meant, when I said I found the goods in the possession of Thomas Ryan when I served the second papers on him, that they had not been disturbed,—they were in the same place."

Such testimony did not show any legal possession by Ryan of the property. There was also evidence of a demand on Ryan on behalf of the plaintiff, and failure to deliver the goods; but such evidence was unimportant, unless Ryan was shown to be in possession of them,—unless he could deliver them. The property was bid in by one of the mortgagees. The defendant testified that he delivered it to the purchaser, but the notice of sale under which he assumed to act, and the evidence, showed that he was acting as a mere agent and auctioneer for the mortgagees; and, when he thus testified, he must be understood to have meant that he made such delivery as such agent. When the plaintiff made the demand of Ryan, the latter could not surrender property not in his possession or custody, but in the actual possession and custody of the mortgagees. Hence an action based upon his unlawful detention thereof could not be maintained. See Mount v. Derick, 5 Hill, 455; McDougall v. Travis, 24 Hun, 590; Mires v. Solebay, 2 Mod. 242; Alexander v. Southey, 5 Barn. & Ald. 247; Welton v. Holmes, 26 Wkly. Dig. 24; McClellan v. Wyatt, 26 Abb. N. C. 144, 11 N. Y. Supp. 686. The cases cited do not conflict with principles established in Spraights v. Hawley, 39 N. Y. 441; Boyce v. Brockway, 31 N. Y. 490; Knapp v. Smith, 27 N. Y. 277; Allen v. Crary, 10 Wend. 349; and like cases. An auc-

tioneer may become liable to an action of replevin, if he is at the same time a bailee, as in the case of Spraights v. Hawley, supra; or if he assume to exercise an unlawful direction or control of the property of another, as in Allen v. Crary, Knapp v. Smith, and Boyce v. Brockway, supra. But in this case the defendant never exercised, or assumed to exercise, any dominion or control over the property in question. It remained in the actual possession of his principals and the only connection defendant had with it was as their agent. Ryan did not advertise the property for sale. The mortgagees did that, Ryan being merely their agent or servant. .

I think, therefore, the trial court made the proper disposition of the case, and that the judgment should be affirmed, with costs.