PUTNAM, J.
(dissenting.) The plaintiff, to sustain his action in the county court, was required to establish his title to the chattels described in the complaint, and that they were, or had been, wrongfully possessed, taken, or detained by the defendant. I think he failed to show title. Both parties claim under De Forrest, who made a conditional contract for the sale of the property in question, with the plaintiff’s vendor, Saunders, by which- he retained the title to the furniture until the whole purchase price was paid. Neither Saunders nor plaintiff eArer paid, or tendered payment of, the balance due for such purchase price, and hence neither acquired title. The title to the furniture so *342 remaining in De Forrest, Brewer (under whom Newton and; Hill and the mortgagees claim) paid the balance due on the-contract, and received the bill of sale, which transferred to him De Forrest’s interest in said furniture. It did not appear that Brewer made the payment to De Forrest with money belonging to Saunders; nor was there any evidence, sufficient to submit to a jury, that there Avas any breach of contract or fraud on the part of BreAArer in taking the bill of sale. The evidence of the witnesses Armstrong and Hicks, tending to show that, under the contract between Saunders and BreAver, the latter was to pay certain bills of the former, is not in conflict Avith the uncontradicted testimony of: Brewer that he was to pay these bills from Saunders’ share of the profits of running the hotel, and that there Avere,in fact, no profits. The evidence etablished the fact that BreAver was compelled to advance money to pay for the furniture in. question. I think, therefore, he had the right (advancing his own money to retain the furniture in the hotel) to take an assignment of De Forrest’s interest therein; and Saunders, or the plaintiff, as his vendee, could only obtain title thereto by paying or tendering the blanee due on the purchase price thereof.
I am also of the opinion that plaintiff failed to sIioav such a wrongful interference with or detention of the property in question by the defendant as Avas necessary to be proved, to maintain the action against him. Brewer obtained the legal title to the furniture through the bill of sale from De For-¡ rest, the legal owner thereof. That title Brewer transferred to.the mortgagees, for whom, at the time the action was commenced, the defendant was acting as agent. If it is conceded that the act of BreAver in taking the bill of sale was a fraud on Saunders, yet there Avas no evidence that the mortgagees or Ryan knew of BreAver’s breach of faith. Therefore, before the plaintiff could maintain the action, it Avas necessary to make a proper demand for the possession of the goods. Hovey v. Bromley, 85 Hun, 540, 67 St. Rep. 147; Goodwin v. Wertheimer, 99 N. Y. 149,1 N. E. 404. It Avas shown that the property Avas moved from the Eldridge house by the mortgagees to the warehouse of one of them, and hence, when the demand Avas made of Ryan, was in the actual possession of the mortgagees. It does not appear that the furniture Avas at "that time even in the custody of Ryan. In Goodwin v. Wertheimer, supra,—also an action of replevin,—the goods Avere demanded of an agent in charge of them. Andrews, J., in his opinion, says:
“The refusal of a servant to deliArer goods intrusted to him by his master, on a demand by a stranger, is not sufficient to maintain repleA’in against the serArant, nor against the mas *343 ter, when a demand and refusal is necessary to málce the possession of the defendant tortious.”
It will be observed that in the case cited the servant or agent had the actual custody of the property sought to be recovered, while in'the case under consideration, as far as the evidence discloses, the property remained at the warehouse, and in the actual possession and custody of the mortgagees. Hence, there was no sufficient demand of the goods to show an unlawful detention thereof by Ryan or the mortgagees, or to entitle the plaintiff to maintain the action. It was not shown that the defendant was ever in the possession of the furniture in question. As we have seen it was moved by the mortgagees to their warehouse, and at the time of the demand and sale, was at that place, presumably in the actual possession and custody of the mortgagees. It is true -one of the witnesses (Converse) testified that the defendant, at the time he replevied the property, was in possession of the goods in question; but on cross-examination he said:
“1 meant, when I Said I found the goods in the possession of Thomas Ryan when I served the second papers on him, that they had not been disturbed,—they were in the same place.”
Such testimony did not show any legal possession by Ryan of the property. There was also evidence of a demand on Ryan on behalf of the plaintiff, and failure to deliver the goods; but such evidence was unimportant, unless Ryan the .shown to be in possession of them,—unless he could deliver them. The property was bid in by one of the mortgagees. The defendant testified that he delivered it to the purchaser, but the notice of sale under which he assumed to act, and the evidence, showed that he was acting as a mere agent and auctioneer for the mortgagees; and, when he thus testified, he must be understood to have meant that he made such ■delivery as such agent. When the plaintiff made the demand of Ryan, the latter could not surrender property not in Ms possession or custody, but in the actual possession and custody of the mortgagees. Hence an action based upon his unlawful detention thereof could not be maintained. See Mount v. Derick, 5 Hill, 455; McDougall v. Travis, 24 Hun, 590; Mires v. Solebay, 2 Mod. 242; Alexander v. Southey, 5 Barn. & Aid. 247; Welton v. Holmes, 26 Wkly. Dig. 24; McClellan v. Wyatt, 26 Abb. N. C. 144, 11 N. Y. Supp. 686. The ■cases cited do not conflict with principles established in Spraights v. Hawley, 39 N. Y. 441; Boyce v. Brockway, 31 N. Y. 490; Knapp v. Smith, 27 N. Y. 277; Allen v. Crary, 10 Wend. 349; and 1 ke cases. An auctioneer may become liable to an action of replevin, if he is at the same time a bailee as in the case of Spraights v. Hawley, supra; or if he assume *344 to exercise an unlawful direction or control of the property of another, as in Allen v. Crary, Knapp v. Smith, and Boyce v. Brockway, supra. But in this case the defendant never exercised, or assumed to exercise, any dominion or control over the property in question. It remained in the actual possession of his principals, and the only connection defendant had with it was as their agent. Byan did not advertise the property for sale. The mortgagees did that, Byan being merely their servant or agent.
I think, therefore, the trial court made the proper disposition of the case, and that the judgment should be affirmed, with costs.