## LOPARD v. SYMONS.

(Supreme Court, Appellate Term. January 7, 1904.)

1. CONVERSION.

   Where one takes property from another under an agreement to return it on demand, his failure so to do is a conversion thereof.

2. SAME—DEFENSE—THEFT.

   Where one takes property from another under agreement to return it on demand, it is no defense to an action for conversion that the property was stolen after a demand for its return.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Nicholas Lopard against Samuel Symons. From a judgment for defendant, plaintiff appeals. Reversed

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Maurice M. Greenstein, for appellant.
Goldfogle, Cohn & Lind, for respondent.

FREEDMAN, P. J. The facts that are undisputed in this case are as follows: Plaintiff, a diamond dealer, on October 7, 1902, intrusted to the defendant, at his request, a diamond stud. The defendant was a proposed purchaser, and took the stone for the purpose of having it appraised. He executed a writing by which he agreed to return the stone on demand. It was shown upon the trial, without objection, that the defendant was to return the stud within an hour. Subse-

quently, and a few hours later on the same day, the plaintiff called at the defendant's place of business and asked for the return of the stone, saying that he had another customer for it. The defendant thereupon promised to return it within half an hour. This he did not do, but, instead, took it home; and some time during that night his room was entered by a burglar, who stole the diamond, together with defendant's watch, chain, money, etc. Upon suit being brought by plaintiff for conversion, the defendant interposed this theft as his defense, and succeeded in the court below. The judgment must be reversed.

Upon failure by the defendant to return the stone upon the demand made by the plaintiff, the defendant assumed to exercise act of control over the property of the plaintiff in hostility to his rights as owner, and was then liable in an action for conversion. Boyce v. Brockway, 31 N. Y. 490. He could not excuse himself from refusing to return the stud upon demand by showing that the property was subsequently stolen from him, even if he showed that he exercised the greatest care in its preservation.

Judgment reversed. New trial ordered, with costs to the appellant to abide the event. All concur.