————o————

## No. 4214.

(Court of Appeal, Parish of Orleans.)

## JOHN LOYACANO vs. SUCCESSION OF JULIETTE A. THOMPSON.

1.  A broker who is employed to negotiate a sale fully performs his duty when he has procured a purchaser ready and able to buy the property upon the terms stipulated by his principal when the broker's services were engaged, whether the sale is effected or not as the result of the refusal and inability of the principal to complete the contract.

2.  But where the proposed purchaser is not ready and willing to buy on the terms thus proposed and the sale is not made solely on account of his refusal to take the property, the broker's commissions have not been earned.

Appeal from 28th Judicial District Court, Parish of Jefferson.

A. E. Billings, for Plaintiff and Appellant.

F. A. Middleton, for Defendant and Appellee.

MOORE, J. Plaintiff sought by his suit to recover of the

345

defendant succession the sum of $545.00, alleging that the sum of $500.00 was due him under a verbal contract with the deceased by which she obligated to pay him said sum if he would secure her a purchaser of a certain piece of real property belonging to her who would buy same for the sum of $4000.00; that such a purchaser was secured who was ready, able and willing to purchase and who on the 13th Jany., 1906, paid the declared $500.00 on account of said purchase price; that subsequently, to-wit, on the 18th April, 1906, the said deceased sold to Vincent Rocheta and his wife, the parties whom plaintiff had secured, the property in question, for the sum of $3300, "notwithstanding the fact that said purchasers had agreed to pay the price of $4000.00 as aforesaid;" and that the deceased had repeatedly admitted owing said commission to petitioner, but had never paid the same. The other item of $45.00 is made by a claim on open account for merchandise sold, money loaned and a charge for caring for the property. There was judgment in favor of the plaintiff for the sum of twenty-one dollars on the open account and rejecting the remainder of the demand. From this judgment plaintiff appeals. No serious complaint is made as to the correctness of the judgment so far as concerns the items comprehended by the claim for $45.00; the contention is over the item of $500.00 alleged to be due under the verbal contract supra.

It appears that the plaintiff was engaged by the deceased to secure for her a purchaser of her property situated in Mechanickhan, in the Parish of Jefferson at the price of $3,500 and agreed, if such purchaser was found who would buy the property at that sum, she would pay plaintiff $500.00 for his services in the matter.

Loyancano subsequently found such a purchaser in the person of one Vincent Bocheta, whom he brought to deceased. After negotiating for some time, deceased agreed to sell to Bocheta the property which she had entrusted Loyacano with the sale of, and an adjoining lot, all for the sum of $4000.00. Thereupon the following document was completed but signed alone by the deceased, and the subscribing witnesses:

"Gretna, La., Jany. 13th, 1906.

"Received from Vincent Bocheta the sum of $500.00 on ac-

count of the purchase price of $4000, for which I give to the said Vincent Bocheta the right and privilege to purchase from me, within thirty days from date hereof, the property situate dat the corner of Coppernicus Avenue and Third Street, in the village of Mechanickhan, this Parish and State, now occupied by John Loyacano as a fruit stand, measuring fifty feet, more or less, fifty feet, more or less, by a depth of one hundred and twenty-five feet, the said property being more fully described as commencing on the north side of the butcher shop which is located at, on or near said property, and running towards Third Street fifty feet, more or less, by a depth of one hundred and twenty-five feet.

Upon the payment to me by the said Vincent Bocheta of the balance of said purchase price within the time above specified, I hereby bind myself and my heirs or assigns to transfer said property to the said Vincent Bocheta, free of all liens, privileges or incumbrances whatsoever. The act of sale to be passed before John R. Langridge, notary public, at expense of puchaser."

"The consideration of the above sale to be $4000 cash. The figure one erased and the figure five inserted instead.

"Thus done and signed in presence of subscribing witnesses, I being unable to write, and made my mark instead.

> (Signed) Juliette Ann X (her mark) Thompson.

"Witnesses:

> John Pfeiffer,
> Jacob Karl."

Bocheta then and there paid the $500.00, but at no time thereafter and within the period of thirty days accorded him by the option supra did he come forward to take title and pay the balance of the stipulated price. On the contrary he deliberately and voluntarily resiled from his engagement to take the property, and, as he testified on the trial of the cause he changed his mind fifteen days after the execution of the above document and concluded that he would not take the property at the price stated, prefering to forfeit the $500.00 he had put up. The deceased, on the contrary, was anxious to complete the transaction and make the sale and would have carried out her written promise to sell at any time within the stipulated period, had

347

Bocheta desired to take the property at the price agreed on.

Some three months after the failure and refusal of Bocheta to avail himself of the option and his abandonment of the price paid for the option, he and his wife entered into a new, separate and distinct negotiation looking to the purchase by them, of the property in question and without the intervention or assistance of plaintiff. The result of this latter negotiation was that the deceased sold them the entire two properties for the sum of $2,800.00 cash, thus realizing to the vendor the sum of $3,300, including the $500.00, which had been previously forfeited to her.

It may not be doubted that a broker who is employed to negotiate a sale fully performs his duty when he has procured a purchaser ready and able to buy upon the terms stipulated by his principal when the broker's services were engaged and that, whether a sale is effected or not as the result of the refusal and inability of the principal to complete the contract, he is entitled to his commission. Leweston vs. Landreaux 6 A. 26, Lestrade vs. Perrera 6 A. 398; Hornbeck vs. Gilmer 110 La. 507; Adams Bros. vs. Oteri 36 A. 386; Gravely vs. Ice etc. Co. 47 A. 389; Slattery vs. Hussy (Nov. 19, 1906.) 4 Court of Appeal, not yet reported; 57 Cal. 24; A. & E. Eny. of Law Vol. 4-2 Ed. P. 972; 12 Daly (N. Y.) 6; 18 Mo. App. 639; 63 Ill. Opp. 109.

But where, as in the instant cause, the proposed purchaser is not ready and willing to buy on the terms thus proposed and the sale is not made solely on account of his refusal to take the property, it is equally clear that the commissions have not been earned.

The judgment appealed from is affirmed.