## Stern v. Bowers, Appellant.

*Bailment—Automobile—Wrongful conversion.*

In an action to recover the value of an automobile alleged to have been wrongfully converted by the defendants, the plaintiffs are entitled to recover where they show that the automobile had been leased to a third person, that the title to it remained in the plaintiffs, who had the right of immediate possession, that the lessee had delivered it to the defendants, and that the latter acting on their own account had sold it, and applied the proceeds to a debt owing by the bailee to themselves.

Argued Oct. 22, 1918.   Appeal, No. 113, Oct. T., 1918, by defendant, from judgment of Municipal Court, Philadelphia Co., April T., 1917, No. 631, on verdict for plaintiff in case of Milton Stern & Louis I. Bellow, trading as Auto Transit Company, v. Lee S. Bowers & Charles S. Bowers, copartners, trading as L. S. Bowers Company. Before ORLADY, P. J., PORTER, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Assumpsit for the value of an automobile.   Before KNOWLES, J.

592, (1919).] Assignment of Error—Opinion of the Court.

. Verdict and judgment for plaintiff for $350, on trial by the court without a jury.   Defendant appealed.

*Error assigned* was in entering judgment on the verdict.

*William F. Brennan,* for appellants.

*Owen J. Roberts,* with him *Maxwell Pestcoe,* for appellees.

OPINION BY KEPHART, J., January 3, 1919:

This is an action brought by the appellee to recover from the appellants the value of an automobile purchased on a lease by David Henwood and delivered to the appellants, who sold it and applied the money to the purchase-price of a Cole car that had been sold by the appellants to Henwood.   This action is grounded on the legal fiction of the finding of personal property lost by the owner and subsequent conversion of the same by the finder to his own use, or the use of another.   In form it is a fiction, in substance it is a remedy to recover the value of personal chattles wrongfully converted by another to his own use: Blakely v. Douglass, 6 Atl. 398; 3 Sadler 495.   The plaintiff proved that he had a title to the property in controversy, coupled with the right of immediate possession, and he also showed that the property had been wrongfully converted by the appellants to their own use.   The court held that the question of agency did not enter into the case and found that the appellants acted on their own account when they sold the automobile that had been delivered to them by Henwood.   Quoting the language of one of the defendants: "Yes, we sold it for $350 and applied it—we traded in— he said, I traded in the Scripps-Booth for $350 and applied it on a Cole car which I sold to Mr. Henwood." The evidence as to the identification of the car was sufficient.

This disposes of all the substantial questions presented by this appeal. They were principally questions of fact for the determination of the judge, who tried the case without a jury. Though there were some contradictions in the evidence, this was for the determination of the judge who heard the case.

The judgment of the court below is affirmed at the cost of the appellant.