ANGELINA IAVAZZO, Admx. *vs.* RHODE ISLAND HOSPITAL
TRUST COMPANY.

JUNE 18, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J.   This is an action of trover brought by Angelina
Iavazzo, administratrix of the estate of her husband,
Nicola Iavazzo, against the Westminster Bank for the con-
version of a certain savings bank book issued by the Colum-
bus Exchange Bank of Providence, in the name of said
Nicola Iavazzo.

The action was originally brought against the Rhode
Island Hospital Trust Company as defendant. After
learning that said Rhode Island Hospital Trust Company
had no interest in the matter, the plaintiff caused a new
writ to be issued on April 18, 1930, against the Westminster
Bank, said writ joining said Westminster Bank as a party
defendant to the original action.   A separate declaration was
filed against the Westminster Bank.   To this declaration
defendant filed a plea of the general issue and also a special
plea setting up the statute of limitations.   At the trial the

plaintiff discontinued her action against the defendant, the Rhode Island Hospital Trust Company. At the conclusion of the trial, defendant Westminster Bank, moved for the direction of a verdict in its favor on the ground that the plaintiff's cause of action was barred by the statute of limitations. Said motion was granted and the plaintiff duly excepted thereto. The plaintiff then moved that a verdict be directed for her, and duly excepted to the refusal to grant said motion. The case is before this court upon the exceptions of the plaintiff. It appeared in evidence that Nicola Iavazzo, late of the City of Providence, died on October 22, 1918, leaving as his next of kin his widow, Angelina Iavazzo, and three children. On November 19, 1918, said Angelina Iavazzo was appointed administratrix of his estate and she qualified as such. Included in the estate was a sum of money on deposit with the Columbus Exchange Bank of Providence in a savings account standing in the name of said Nicola Iavazzo, the savings account being numbered 1992. The savings bank book, the subject of this action, came into the possession of said Angelina Iavazzo, as administratrix of said estate, and was included in the inventory thereof.

Thereafter, on or about December 29, 1919, said Angelina Iavazzo, without any authority from said Probate Court so to do, drew an order upon savings account in the amount. of $2,000 payable to said Westminster Bank and delivered said order and said savings bank book to one Frank Del Deo. Said order was signed by said Angelina Iavazzo in her individual name and not as administratrix. On the same date said Frank Del Deo borrowed from said Westminster Bank the sum of $2,000 and delivered to said Bank his negotiable promissory note in said amount payable to the order of said Westminster Bank upon demand, and as security therefore delivered to said Bank the said order on said savings account. Thereafter, said Westminster Bank went into liquidation, and on November 26, 1923, Ralph W. Bowen was appointed its liquidating agent and came into

possession of the assets of said Westminster Bank, amongst which were said promissory note, savings bank book and order, which documents remained in the possession of said Bowen from that time until they were placed in evidence in this action.

According to the uncontradicted testimony of the plaintiff's witness, Mr. Cianciarulo, acting as attorney for the plaintiff, made a written demand for this savings bank book on the Rhode Island Hospital Trust Company sometime during the first three months of the year 1924. This witness testified that Ralph W. Bowen then called him on the telephone and told him that he, Mr. Bowen, was handling the affairs of the Westminster Bank as liquidating agent and, upon being informed that the savings bank book belonged to the estate of Nicola Iavazzo, told the witness he would look into the matter further. He further states that nothing was done by Mr. Bowen during the next six months towards complying with this demand. Mr. Cianciarulo also testified that he made two or three later demands upon Mr. Bowen for this savings bank book, and finally commenced suit against Rhode Island Hospital Trust Company in 1928. There was no evidence that there was any refusal to comply with these later demands. Action was commenced against Westminster Bank April 18, 1930.

The question before us is whether the trial justice erred in granting defendant's motion to direct a verdict in its favor by reason of the fact that plaintiff's claim was barred by the statute of limitations. The defendant has since 1919 held the bank book in question together with other papers as collateral security for the loan to Del Deo. Such possession of the bank book is absolutely inconsistent with title and right of possession of the same which is in the plaintiff as administratrix of her husband's estate. She had no right to turn said bank book over to Del Deo for the purpose of pledging the same, and the acts of dominion of the defendant Westminster Bank over said bank book constitute conversion. No demand would necessarily precede the

bringing of suit. The defendant is in the same position as any person taking, holding or exercising dominion over property which belongs to another. *Donahue* v. *Shippee*, 15 R. I. 453; *Milliken* v. *Larrabee*, 192 S. W. 103; 38 Cyc. 2023, 2024.

In *Donahue* v. *Shippee, supra,* the court quotes with approval from the case of *West Jersey R. R. Co.* v. *Trenton Car Works Co.*, 32 N. J. L. 517 at page 520 the following statement: "In every case in which the inquiry arises whether a conversion has been committed the only point to be settled is whether the defendant has applied to his own use the property of another *without his permission* and without legal right."·

The plaintiff, having been without right to transfer the bank book in the manner in which she did, had no right in law as administratrix of her husband's estate to consent to the same. It cannot be contended in behalf of the defendant that she consented as administratrix to her act as an individual when such consent was entirely beyond her power, as administratrix, to grant. *Davidson* v. *Atmar*, 243 S. W. 662.

The defendant bank, therefore, by taking said savings bank book from Del Deo, who had no authority to pledge the same, and by holding said book as collateral for Frank Del Deo's debt came within the doctrine laid down by the court that, where one obtains personal property without the consent of the true owner thereof and exercises acts of dominion over it inconsistent with the owner's right, such taking is wrongful and amounts to a conversion. *Davidson* v. *Atmar, supra;* Fletcher on Corp. Vol. 5, Sec. 3446; *Hotchkiss* v. *Hunt*, 49 Me. 213.

As the defendant, on December 29, 1919, took possession of said bank book and held the same as collateral security for the loan to Del Deo without any right so to do, the conversion took place upon that day and all demands made since that time relate back to the original conversion and are further evidence of the conversion which occurred at

that time. *Boyce* v. *Brockway*, 31 N. Y. 490; *Davidson* v. *Atmar, supra; Hotchkiss* v. *Hunt, supra.*

Our opinion as to the rights of the parties in relation to the possession of the bank book, which is the subject of this litigation, is reached without any consideration of the rights of either party to the funds on deposit in the Columbus Exchange Bank of Providence; the bank book in question being, at most, evidence of and a receipt for such deposit.

Plaintiff's exception is overruled and the case is remitted to Superior Court for the entry of judgment on the verdict as directed.

*Benjamin Cianciarulo, Luigi Capasso,* for plaintiff.

*Hinckley, Allen, Tillinghast, Phillips & Wheeler. Edward W. Lincoln, S. Everett Wilkins, Jr.,* for defendant.