Rankin *v.* McCullough.

———————

RANKIN *vs.* McCULLOUGH.

12b 103
48ad416

Where the defendant gave his note at three months, secured by a hypothecation of stock, which the lender agreed to hold for three months; *held* that though the defendant had his days of grace on the note, he had none on the agreement as to the stock; and that the stock might be sold before the note became due.

It was *also held*, however, that such sale must be at public auction, and not at the board of brokers; and it having been sold at the board, without the express consent of the defendant, it was determined that the latter was entitled to be allowed the highest value of the stock after the time of sale.

THIS action was brought to recover a balance due upon a promissory note, of which the following is a copy :

"$27,500.                         New-York, Augt. 27, 1847.

Three months after date I promise to pay to John Rankin or order, twenty-seven thousand five hundred dollars, for value received, having deposited with him as collateral security one thousand shares of New-York and Harlem Railroad stock (with authority to sell the same on the non-performance of this promise,) and I agree to keep a margin of ten per cent during said time.

JAMES McCULLOUGH."

The declaration contained the money counts at length, with a copy of the note indorsed thereon, with a notice that the same would be given in evidence under the money counts. The defendant pleaded the general issue and gave notice of set-off, and of an agreement made at the same time with said note by which the plaintiff agreed that the stock mentioned in the note should not be transferred, nor pass out of his hands, during a period of three months from the date thereof, without the permission of the defendant and notice of the breach of said agreement; and also notice of the defendant having paid to the plaintiff $4,000 to keep up a margin of ten per cent under the condition contained in said promissory note or agreement, together with notice of recoupment of the same. The issue came on to be tried before his honor Justice Edwards, at a circuit court, held in the city of New-York, on the 24th day of March, 1849, and upon the trial the plaintiff proved the hand-writing of the defendant to the said promissory note, and rested his cause. The defendant called as a witness the plaintiff, John Rankin, who being duly sworn, upon being shown a paper, said, that the same was signed by him, at the same time with the promissory note, a copy of which is as follows:

"This is to certify that I hold one thousand shares of the New-York and Harlem Railroad Company stock, as collateral security for an advance made to James McCullough, certificate numbers as follows: [giving the numbers.] And I hereby agree that the said stock shall not be transferred, nor pass out of my hands, during a period of three months from this date, without his permission.          JOHN RANKIN.

New-York, August 27th, 1847."

That he retained in his own hands those identical shares of stock distinguished by the numbers set forth in last mentioned paper, from the 27th of August until the 30th day of November, 1847; that it was sold on that day by Hopkins & Weston, at the brokers' board, by the plaintiff's direction. The net proceeds of the sale was $20,525. On the 27th of November, 1847, the plaintiff gave to the defendant written notice of his intention to sell on the 30th of November, 1847, at the brokers'

Rankin *v.* McCullough.

board, the above enumerated shares of stock, unless the defendant complied with the terms of his said note, and that he should hold the defendant liable for any deficiency on such note, to meet the requirements of the note.  That the plaintiff gave to the defendant his note for the same amount, and for the same time, at the time that he received this note from the defendant. The defendant came to the plaintiff and proposed that if the latter would let him have his note, he would give the plaintiff his note for the same amount, with the stock as collateral security, and $1\frac{1}{4}$ per cent for the use of the plaintiff's credit.  Two or three days after the exchange of the notes, the plaintiff received the $1\frac{1}{4}$ per cent, amounting to $343,75, in cash.  Defendant never paid him any thing on account of the margin of ten per cent mentioned in the note, and nothing whatever beside the $343,75. On his cross-examination the witness said that on the 1st of December, 1847, written notice that said stock had been sold the previous day, and of the amount of the net proceeds of the sales was given to the defendant, as follows : "Please take notice that the stock collateral to your note of August 27, 1847, was sold yesterday at the brokers' board, and I have received acct. sales.  The net proceeds are $20,525, which, deducted from amount of your note, $27,500, leaves due me $6,975, which I shall thank you to pay me to-day."  Which notice was signed by the plaintiff, and directed to the defendant.  The plaintiff paid his note on the 30th of November 1847, the day it fell due. The defendant suspended payment on the 18th of September, 1847.  The defendant here rested his defense, and the plaintiff called a witness, who testified that on the 27th of November, 1847, he delivered to the defendant, in person, a written notice, dated 27th of November, 1847, above set forth; that on the 30th of November, 1847, he presented the note on which this suit is brought, to the defendant, in person, about eleven o'clock in the forenoon, and that the defendant refused to pay it; that on the 1st of December, 1847, he delivered a written notice dated 1st of December 1847, above set forth, to a clerk in the office of the defendant, Front-street, defendant himself being absent.  The plaintiff then called as a witness, Edward N.

Hopkins, who testified that he was a stock-broker. Upon comparing the numbers of the shares named in the paper hereinbefore mentioned, signed by the plaintiff, and dated August 27, 1847, with a memorandum of the sale of stock made by Hopkins & Weston, at the board of brokers, on the 30th of November, 1847, he found the same to correspond exactly. The sale was made by witness at the board of brokers, in the usual manner. This board is the place where stocks are bought and sold daily; the sales of the day are published, and the quotations of the prices of stock are made from these sales. The board is composed of stock-brokers; that he received from the plaintiff the above enumerated shares of stock, on the 30th of November, and sold it on the same day. Another witness testified that he had cast the interest on the balance due on the note, after deducting the proceeds of the sales of the stock, and that the amount due was $7,617,71. The plaintiff then recalled Edward N. Hopkins, and proposed to ask him what Harlem Railroad stock was worth on the 18th of September, the time when the defendant failed in business. To which the defendant's counsel objected; but the court overruled the objection, and allowed the question to be asked, and the defendant's counsel excepted. The witness then testified that the stock was worth $68\frac{3}{4}$ on the 27th of August, 1847; $56\frac{3}{4}$ on the 18th of September, 1847; $41\frac{1}{2}$ on the 30th of November, 1847, and $42\frac{1}{2}$ on the first of December, 1847. On his cross-examination, he said, that part of the stock which he received from the plaintiff sold for $41\frac{1}{4}$, the rest for $41\frac{1}{2}$ per cent. The case was here closed and the defendant's counsel requested the judge to charge the jury, 1st, That the agreement of the defendant to exchange notes with the plaintiff, to give the stock as collateral security to the payment of his note, and to pay $1\frac{1}{4}$ per cent was usurious, and, therefore, the plaintiff could not recover on this note. 2d. That the holding of the stock until the note became due, was a condition precedent to the recovery of the plaintiff upon the promissory note, and the sale having been made on the 30th of November, 1847, was a violation of that agreement, and therefore the plaintiff could not recover in this suit; or if he could

Rankin *v.* McCullough.

recover, then that the defendant was entitled to a deduction of one per cent, the difference in the prices of stock on the 30th of November and 1st of December, 1847. 3d. That the sale, when made, should have been a public sale, and that the plaintiff was not authorized to sell the stock at the board of brokers. But the judge refused so to charge the jury, but directed them to find a verdict for the plaintiff for $7,617,71. And the counsel for the defendant excepted thereto, and moved for a new trial.

*E. S. Van Winkle,* for the plaintiff.

*Smith & Woodward,* for the defendant.

*By the Court,* EDMONDS, P. J. There is nothing in the objection that the plaintiff sold the stock prematurely. He was to hold it three months only, and that he did; and although the defendant had his three days of grace on his note, he had none on the contract to hold the stock. It was not a contract to hold it till the note became due, but only for three months. Therefore he might sell it before the notes became due.

But the objection as to the place where the stock sold was well taken. The sale at the board of brokers has often been held not to be such a public sale as is required in such cases. What the legitimate consequences of such an irregularity may be, it is not worth our while to inquire; for all the claim set up by the defendant on that account is an allowance for the one per cent which such stock sold for afterwards; that being all which from the evidence he seems to have lost thereby.

There must therefore be a new trial, unless the plaintiff deducts that amount from his verdict; and in case he do, the motion will be denied with costs.

[NEW-YORK GENERAL TERM, October 6, 1851. *Edmonds, Mitchell* and *King,* Justices.]