Felt agt. Heye.

LEONARD, J. I concur.

----◆◆----

## SUPREME COURT.

### FELT and others agt. HEYE, brothers.

Where the plaintiffs borrowed money on some bank stock from G., and gave him a certificate and power of attorney in blank, and G. passed the same certificate and power to the defendants as security for moneys borrowed by him, and G. not redeeming the stock, it was sold by the defendants without knowledge of the hypothecation to G.,

*Held*, that the defendants were not chargeable with notice or even with sufficient knowledge to put them on inquiry from the mere fact that the certificate was in the name of the plaintiffs, and, excepting another question which was applicable to the case, the defendants would be considered *bona fide purchasers* without notice, and entitled to protection.

But the fact having been found at the trial, that the loan of the defendants to G. was clearly *usurious,* *held,* that the defendants could not be considered as *bona fide* holders in the usual course of business.

*New York General Term, March,* 1862.

INGRAHAM, CLERKE and LEONARD, *Justices.*

APPEAL from judgment at special term.

By the court, INGRAHAM, P. Justice. The plaintiffs borrowed money on some stock of the Artisans' bank, from one Gilmore, and gave him a certificate and power of attorney in blank. Gilmore passed the same certificate and power to the defendants, as security for moneys borrowed by him. Gilmore not redeeming the stock, it was sold by the defendants, without knowledge of the hypothecation, to Gilmore. This action was brought to recover the stock or its value from the defendants. That the defendants took the stock from Gilmore in good faith and for value, and without notice that Gilmore had no authority to pledge the same, is clear from the evidence.

Excepting for the cause hereafter stated, I think there is no ground on which to charge them with notice or even with sufficient knowledge to put them on inquiry. The mere fact that the certificate was in the name of the plaintiffs was not sufficient for this purpose, as it was accompanied with a full power of attorney authorizing the transfer, and in fact transferring the stock to Gilmore. If they were *bona fide* holders for value, without notice, they can not be guilty of a *tort* in disposing of the stock, even if the party who transferred it to them had exceeded his authority, or had broken his contract with the plaintiffs in disposing of the stock. There was no necessity for passing the title in equity, that it should be transferred on the books of the bank. They might hold the certificate of the plaintiffs with the assignment, with all the rights they could have if the same had been transferred upon the books; subject, however, to the possibility that the plaintiffs might

have transferred the stock without surrendering the certificate, if the bank would have permitted such a transfer.

Upon these facts, I see no ground upon which the court could have held that the defendants were not *bona fide* holders, and entitled to protection.

II. The justice, at the trial, found that the loan of the defendants to Gilmore was usurious, and the plaintiffs contend that they were not to be treated as innocent holders, and not entitled to protection. In *Ramsdell* agt. *Morgan*, (16 *Wend.*, 574,) the court so held in regard to personal property, and decided that a person who took a pledge of personal property, on a usurious contract, could not be considered as a *bona fide* holder, in the usual course of business. The same rule was applied to negotiable paper in *Keutzen* agt. *Parks*, (2 *Sand. S. C. R.*, 60,) Mr. Justice SANDFORD holding that a person who receives a note as security for a usurious loan cannot be a holder in good faith.

It is contended, on the part of the defendants, that no such objection can be taken to the claim of the defendants to hold the stock as *bona fide* purchasers, because no one but the debtor can set up usury as a defence in accordance with *Sands* agt. *Church*, (2 *Seld.*, 347.) This does not meet the present case. The defendants are not to be protected on the ground that the plaintiffs cannot set up their usury to the defendants' claim, but only in the event of their proving themselves to be *bona fide* holders for value, and that includes the taking of the property in the usual course of business. They have to establish this fact to entitle themselves to hold the stock. In order to establish their right they prove that they took the stock to secure the repayment of a loan made by them, which was clearly usurious. This does not show them to be *bona fide* purchasers. A note or stock taken to secure the loan of money which is illegal and forbidden by law, is not taken in the ordinary course of business, and such a transaction does

not give the holder a superior right to that of a real owner who has been defrauded of his property, by the person who passed it away on the usurious contract.

This point was so held in *Dean* agt. *Howell*, (*Lalor's Supp.*, *p.* 39.) COWEN, J., says : " This is not the good faith which the law means when it holds a purchase of commercial paper sacred, and even allows it to work wrong against third persons.   To warrant such a consequence, the transaction must not only rest upon an actual advance of money or its equivalent, but it must be strong in its innocence and purity."

And it was also held that releasing the usury and taking a new note for the amount actually loaned, did not make the contract one that would defeat the claim of the true owner. (*See also Ramsdell* agt. *Morgan*, 16 *Wend.*, 574.)

It is also urged that even if the defendants are not to be considered as *bona fide* holders or purchasers, still as they took the stock from the pledgee, to whom the plaintiffs were indebted at the time it was passed to the defendants, that they were entitled to claim for the amount so due. The answer to this objection is, that the debt for which the stock was pledged to the plaintiffs was not transferred to the defendants with the stock, but remained due to other persons.   A pledgee has no right to dispose of the thing pledged separate from the debt, and if he, by disposing of the pledge, incapacitates himself from returning the pledge on payment, the pledgor may sustain an action therefor, even without a tender of the amount advanced.

The judgment must be reversed, and a new trial ordered ; costs to abide event.

CLERKE, J.   I concur.

LEONARD, J.   I concur.