PHILLIPS v. McNAB

(Common Pleas of New York City and County, General Term.    April 7, 1890.)

1. TROVER AND CONVERSION—DEMAND.

Where defendant obtained furniture from plaintiff under a promise to return it to her after making repairs, which he failed to do, plaintiff, after waiting a reasonable time for the repairs to be made, is not bound, as a condition precedent to making a demand, to tender the money which would have been due if defendant had performed his agreement.

2. EVIDENCE—EXPERT TESTIMONY.

One who has attended numerous sales of second-hand furniture, and bought and sold furniture at such sales, is competent to express an opinion as to the value of second-hand furniture, though he has never been regularly in the furniture business.

Appeal from city court, general term.

Action by Mary Phillips against James B. McNab. The complaint alleged in substance that plaintiff in June, 1883, purchased from the defendant a suite of furniture, which was to be manufactured for her by him in the best manner and of the best material, and for which she was to pay $280; that at the time of making said purchase she signed a contract according to which she leased said furniture from one Scofield, paying therefor said sum of $280 in monthly installments; that on June 25, 1883, she accepted of said furniture, believing it to comply with her order; that in November, 1885, after having had said furniture for over two years, and after paying $250 thereon, she discovered certain latent defects therein, that it was not such as she had ordered, but was absolutely valueless; that she then demanded of the defendant the performance of his contract; that he then agreed to put it in good condition for $25, and it was delivered to him for that purpose; that he had failed to do so, and she therefore demanded judgment for $250, the amount paid by her. The answer was a general denial. At the trial plaintiff elected to maintain the action as one for conversion. The jury gave her a verdict of $128.70. The judgment entered thereon was affirmed by the general term of the city court, and defendant again appeals.

Argued before LARREMORE, C. J., and DALY and BISCHOFF, JJ.

William G. McCrea, for appellant.    Arthur H. Ely, for respondent.

LARREMORE, C. J. Although on the claim of conversion there is much immaterial matter in the complaint, yet it contains sufficient to make out a case of trover; and it was upon the motion of appellant's counsel that plaintiff, under order of the court, elected to proceed upon such theory of action. Absolute, unqualified ownership is not necessary in order to authorize a person entitled to the possession of property to sue for its conversion. A person entitled to the temporary possession of chattels for a particular purpose may

maintain such an action.    Add. Torts, marg. p. 524, and cases cited in note. In the case at bar there is probably enough evidence to support a finding that all title or interest of plaintiff's brother in the suite of furniture had been transferred to her before the commencement of this action.    It certainly appears that, as between her and defendant, plaintiff was entitled to the exclusive possession and control thereof.    Defendant acknowledges and ratifies plaintiff's right to the custody and disposal of the same by his letter of July 21, 1886, in pursuance of which he received the property.    Whatever may have been the former ownership of the furniture, or the former relations of the parties, the present cause of action arises because defendant obtained the furniture from plaintiff under a promise to return it to her after making repairs, and that he now refuses so to return it, though demand has been made. There is sufficient evidence of a demand, and the jury evidently believed plaintiff's testimony, and by their verdict established that the furniture was not put into good condition according to the contract.    Therefore, after waiting a reasonable time for such repairs to be made, plaintiff was not bound, as a condition precedent to making a demand, to tender the money which would have been due if defendant had performed his agreement.    Indeed, according to plaintiff's evidence, which the jury accepted as true, defendant positively refused to "put it in any better order than it was then in," which, she avers, was anything but "good" order.    Nor was it error to admit plaintiff's own testimony as to the value of second-hand furniture.    She alleged that she had attended many sales of such articles, and had herself bought and sold furniture at second-hand sales.    This was sufficient to qualify her to express an opinion on this question, although she had never been regularly in the furniture business.    The judgment should be affirmed, with costs.    All concur.