KATZ v. DIAMOND.

(Supreme Court, Appellate Term, First Department. April 27, 1896.)

1. TROVER AND CONVERSION—WHO MAY SUE.

One having the possession of goods by agreement with the owner, either upon contract of sale to himself, or for the purpose of selling to third parties upon his own account, may maintain an action for conversion, or to recover the possession of the goods against a person who unlawfully retains or receives them. Where there is a conditional sale of goods, to be paid for in installments, the goods to be surrendered on default in any installment, refusal to deliver on demand must be shown, in order to maintain an action for conversion, unless there has been actual conversion by defendant.

2. COSTS ON APPEAL—DISMISSAL OF COMPLAINT AFTER DEFAULT.

In an action in a district court, where an inquest was taken for default in appearance by the defendant, and the justice dismisses the com-

plaint, the remedy is by appeal; but whether the judgment is reversed, and a new trial is ordered, or the judgment is affirmed, no costs will be allowed, there being no respondent.
(Syllabus by the Court.)

Appeal from district court.

Action by Davis Katz against Jacob Diamond for conversion. From a judgment dismissing the complaint without prejudice to a new action, and without costs, plaintiff appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

E. Rosenthal, for appellant.

DALY, J. In this case the plaintiff sued for conversion of furniture, by defendant, which had been sold to him by plaintiff, to be paid for on installments, under an agreement that the title was not to be acquired by him until the installments were paid, and that he was to surrender the goods on failure to pay any installment. The defendant did not appear nor answer, and the plaintiff proceeded to take an inquest. It appeared that the plaintiff was described in the contract of sale as manager of the New Installment Company. The written agreement of the defendant was to surrender the goods to the firm, or its agent or manager. The plaintiff was examined on the inquest, and swore that he was owner of the goods, and had bought them and paid his money for them; but, on examination by the justice, he gave evidence from which it might be inferred that he had himself purchased the property from one Tansen under an agreement somewhat similar to that on which he sold to the defendant, i. e. that the title should not pass until the goods were paid for. Upon this evidence the justice, as appears from his memorandum in the return, dismissed the complaint without prejudice to a new action, "because of failure of proof of ownership of the goods."

In order to maintain an action for a conversion of goods, or to recover them, proof of ownership is not necessary. Possession, or the right to possession, suffices. "To recover in trover, there must have been possession of the property by the plaintiff, or there must be an existing right to take immediate and actual possession." Petrie v. Stark, 79 Hun, 550, 554, 29 N. Y. Supp. 881. "A carrier, bailee, or the person who finds a chattel, has, in regard to his possession, sufficient property to entitle him to maintain the action." Hotchkiss v. McVickar, 12 Johns. 403. "Absolute unqualified ownership is not necessary in order to authorize a person entitled to the possession of property to sue for its conversion. A person entitled to the temporary possession of chattels for a particular purpose may maintain such an action." Phillips v. McNab, 16 Daly, 150, 9 N. Y. Supp. 526. The fact that the plaintiff has executed a mortgage upon his interest, and that the mortgage is overdue, does not prevent him from maintaining an action for conversion, where it does not appear that the mortgagee had ever demanded the money or taken possession of the property. Burns v. Winchell, 44 Hun, 261.

If the plaintiff in this case, by agreement with the owner of the goods, was entitled to possession under a contract of sale to himself, or for the purpose of selling to third parties upon his own account, he might maintain the action for conversion, or to recover possession, against a person who unlawfully retains or receives them. The defendant in this action, while entitled to possession, could have maintained such an action against a stranger; and even against the plaintiff, for any unpermitted disturbance of his possession. 4 Am. & Eng. Enc. Law, 117. So, when his right to possession as against the plaintiff was gone, he was liable to an action by the latter, who had become entitled to repossess himself of the goods.

The judgment will, however, have to be affirmed, because there was no proof either of failure to pay any installment or of demand of the goods from the defendant before bringing the action. The original possession of the defendant was lawful because it was by agreement with the plaintiff, and to make it tortious there must be a default of payment and a refusal to deliver after demand. Where there has been no actual conversion by defendant, demand is necessary before an action for conversion can be maintained.

I had some doubt as to whether the remedy of the plaintiff, if aggrieved, was by appeal, since there is no respondent, and the controversy of the appellant is with the court below, and not with an adverse party, as no adversary appeared on the trial or upon this appeal. Hayes v. Gas Co. (N. Y. App.) 37 N. E. 648. But the plaintiff would be remediless if not entitled to an appeal; for a mandamus, as suggested in the case last cited, would not lie to compel the justice to decide in a particular way. "The only mode of reviewing a judgment rendered by a justice of the peace in a civil action is by an appeal as prescribed in this title." Code, § 3044.

The judgment is affirmed, but without costs, as there is no respondent. Had the judgment been reversed, and a new trial ordered, no costs would have been allowed for the same reason. Costs where new trials are allowed are in the discretion of the court, and where judgments are affirmed costs are allowed to the respondent. If there be no respondent, there can be no allowance of costs. Code, §§ 3066, 3213.

Judgment affirmed, without costs. All concur.