(19 App. Div. 519.)

### SMITH v. SMALLEY, Sheriff.

(Supreme Court, Appellate Division, Third Department. July 6, 1897.)

1. CONVERSION—POSSESSION.

　　To recover in an action for conversion, there must have been possession of the property by the plaintiff, or an existing right to immediate actual possession.

2. SAME.

　　Where a sheriff levies on certain personal property under attachment, and leaves it in the place where it was, in the custody of the occupants of the building, and the chattel mortgagee and his attorney go to the building, and assume to take possession of the property under the danger clause in the mortgage, the mortgagee has such immediate right to possession as enables him to maintain an action for conversion.

3. SAME—DEMAND AND REFUSAL.

　　Where a sheriff illegally levies an attachment on the property of a third person, a demand and refusal are unnecessary before a suit for conversion.

Appeal from judgment on report of referee.

Action by Lewis M. Smith against Jeremiah Smalley, sheriff. Judgment for defendant, and plaintiff appeals. Reversed.

On the 25th day of August, 1893, John H. McNaney, who was engaged in a general merchandise business, by a written bill of sale conveyed to his father, John McNaney, all the merchandise in his store. Thereafter, and on the 5th

day of September, 1893, the defendant, as sheriff, levied upon the merchandise so conveyed by John H. McNaney to his father, under an attachment issued in an action commenced by certain creditors of the said John H. McNaney against him, as defendant; it being claimed that the bill of sale from John H. McNaney to his father was without consideration, and fraudulent and void. The same day the attachment was levied, but thereafter, John McNaney, the father, gave a chattel mortgage upon the same merchandise to the plaintiff. The attaching creditors thereafter obtained judgment, and execution was issued thereon, and the property levied upon under the attachment was sold by the defendant as sheriff, and thereafter the plaintiff commenced this action against the defendant for the conversion of such property. The referee to whom the action was referred has found that there was a good and sufficient consideration for the transfer of said merchandise from John H. McNaney to John McNaney, and that such transfer was not fraudulent and void, but was a legal and valid one. He has also found that the chattel mortgage was given to secure a valid indebtedness, without fraudulent intent, and was duly filed, and is a valid instrument. He also found that the merchandise covered by the mortgage, while being in the possession of the defendant, was in his possession without title thereto. The referee directed judgment for the defendant, upon the ground that, when the sheriff sold the property, the plaintiff had never been in the possession thereof, and had not, before the commencement of this action, made any demand upon the defendant for the return of the property. Other facts will be stated in the opinion.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Youmans & Moss (Frederick Collin, of counsel), for appellant.
Baldwin & Baldwin (Francis E. Baldwin, of counsel), for respondent.

HERRICK, J. To recover in an action for conversion, there must have been possession of the property by the plaintiff, or there must be an existing right to take immediate actual possession of it. Esmay v. Fanning, 9 Barb. 176; Petrie v. Stark, 79 Hun, 550, 29 N. Y. Supp. 881; Clements v. Yturria, 81 N. Y. 285–290. In this case the evidence shows that, when the sheriff made his levy under the attachment, he left the property in the place where it then was. It is perhaps doubtful whether he did everything that is necessary to constitute a legal levy, but for the purposes of this case it will be assumed that he did, and that he was in actual possession of the property when the chattel mortgage was given. Immediately after the chattel mortgage was given, the plaintiff and his attorney went to the store, and assumed to take possession of the property in question under the chattel mortgage, pursuant to the so-called "danger clause" in such mortgage, which provided that if, at any time, the mortgagee deemed the property or debt unsafe, it should be lawful for him to take possession of such property, and sell it at public or private sale.

The referee found in regard to the question of possession as follows:

"It is claimed by the plaintiff that prior to the sales by the sheriff, and shortly after levying the attachment, he took possession under his mortgage. At the time the mortgage was given, the possession was in the sheriff, and I am unable to find that such possession was ever changed. Both could not be in possession at the same time, and, in view of all the evidence, I find that possession was not taken by the plaintiff at any time."

The theory of the referee seems to be that, because the sheriff was in possession, the plaintiff could not acquire it. Having found that the sheriff was wrongfully in possession under his levy, and that an action might be maintained against him by the true owner of the property for conversion, it is difficult to see how such a possession could prevent the acts of the plaintiff and his attorney in endeavoring to take possession from constituting and being an actual possession; the sheriff not having actual physical possession of the property, he having left it in the store in the custody of its occupants, and his possession being dependent upon his legal right to take such property, which the referee has found did not exist. But, however the fact may be as to actual possession, the plaintiff had a right, under the mortgage, to take possession whenever he deemed the property unsafe. Whether his acts under the circumstances amounted to an actual taking possession or not, the fact is undisputed that he endeavored to take possession, and was only prevented by the possession of the sheriff. He showed his intention of exercising the option the mortgage gave him, and that entitled him to immediate possession. That was an existing right, from that time down to the sale by the defendant, and to the time of the commencement of the action, and, under the authorities above cited, gave him a right to maintain an action for conversion, the same as if he had been in physical possession of the property, and the defendant had taken it away from him.

Was there a conversion in this case? Where the defendant takes the property into his own possession, or disposes of it to others, or exercises dominion and control over it, to the exclusion of the person rightfully entitled thereto, it is a conversion. Boyce v. Brockway, 31 N. Y. 490; Pease v. Smith, 61 N. Y. 477; Laverty v. Snethen, 68 N. Y. 522. Here the defendant assumed to be in possession of the property. He was forbidden to sell the property by the plaintiff's attorney, who told him that the plaintiff claimed ownership under a chattel mortgage. Nevertheless, he proceeded to sell. He exercised dominion and control over it, to the exclusion of the rights of the plaintiff, and sold it to others. I do not think it was necessary for the plaintiff to prove a demand before commencing his action. A demand and refusal are not a conversion, but simply evidence of it, and are necessary where the property has come lawfully into the defendant's possession; but where it has not so come into his possession, and his acts in relation thereto amount to a conversion, then no demand and refusal need be proved. Esmay v. Fanning, 9 Barb. 176; Pease v. Smith, 61 N. Y. 477–481. The principle underlying the different instances of where conversion will lie is the same in all, requiring that, before an action for conversion can be maintained, the person sought to be held shall, either by his own act or the act of the owner of the property, be placed in the wrong. Castle v. Corn Exchange Bank, 75 Hun, 89, 26 N. Y. Supp. 1035. Here the defendant was not lawfully in possession of the property in the beginning. He sold it despite the protest of the plaintiff, and without any legal right to sell it, and thus, by his own act, placed himself in the wrong; and it was not necessary that there should be a

demand and refusal either to constitute a conversion or to furnish the evidence of a conversion.

For these reasons, the judgment should be reversed, the referee discharged, and a new trial granted; costs to abide the event. All concur.