## TORRES v. ROGERS.

(Supreme Court, Appellate Term. June 28, 1899.)

1. APPEAL—REVIEW.

On appeal from an order dismissing plaintiff's cause for insufficient evidence, plaintiff is entitled to the benefit of every fact established by the evidence, and every legitimate inference that can be drawn therefrom.

2. PARTNERSHIP—DISSOLUTION—IN PARTNERSHIP PROPERTY—SUFFICIENCY OF EVIDENCE.

Plaintiff and defendant ordered machines to be manufactured, after which they each agreed to invest a certain sum in the business in which the machines were to be used. Defendant failed to pay the agreed sum, and plaintiff purchased his interest, paying him therefor. Afterwards plaintiff paid for the machines, but, by mistake, they were delivered to defendant, who received them with knowledge of the mistake. Held that, as against plaintiff, defendant was not entitled to hold the machines as his partner.

3. REPLEVIN—NECESSITY OF DEMAND.

Where defendant in replevin admits having disposed of the property, and is therefore unable to comply with a demand, no demand is necessary.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Micanor Torres against George M. Rogers. There was a judgment for defendant, from which plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Gignoux & Gignoux, for appellant.

Helm & Smith, for respondent.

FREEDMAN, P. J. At the close of the testimony on the part of the plaintiff in this case, the court below, on its own motion, dismissed the complaint, on the ground that there was shown to be a co-partnership existing between the parties. On this appeal, therefore, the plaintiff is entitled to the benefit of every fact that the court could have found from the evidence given, and to every legitimate inference warranted by the proofs. McNally v. Insurance Co., 137 N. Y. 389, 33 N. E. 475.

The action was brought in replevin, to obtain the possession of four machines called "projectographs." The defendant admitted in his answer, and also upon the trial, that he had taken the machines in question, and had sold them, but averred, as a defense, that he was a partner with the plaintiff, and had a right to thus dispose of the property. The testimony shows that in October, 1898, the parties to this action ordered of one Dalgetty 25 projectographs to be manufactured for their use. At the time this order was given, it does not appear that any partnership existed between the parties, but on December 19, 1898, an agreement in writing was executed by the plaintiff and the defendant, by the terms of which they each agreed, among other things, to invest the sum of $250 in the business. It appears that a short time thereafter, the defendant having failed to pay into the partnership said sum of $250, the plaintiff purchased the interest of the defendant in the business, paying him $32.35 in cash, and delivering to him a quantity of pictures, and that thereupon the defendant moved out of the store formerly kept under the name of Rogers & Torres, and went into a place of business a few doors distant. In January, 1899, the plaintiff having paid for the machines in question, Dalgetty, the manufacturer, delivered them to an expressman, with orders to deliver them to the plaintiff. The expressman, by mistake, went to the defendant's place of business, and delivered them to the defendant, who received them in person, evidently knowing they were intended for the plaintiff, and that the expressman was laboring under a mistake in so delivering them to the defendant. The facts shown by the testimony, and the only legitimate inference that can be drawn therefrom, is that the plaintiff had, prior to this transaction, purchased and succeeded to all the interest of the defendant in the co-partnership business, and that the defendant had no right to the property in question. It is urged by the appellant that the plaintiff failed to show that any demand for the return of the property had been made before the commencement of the action. This was not necessary, because the de-

fendant admitted in his answer that he had taken and sold the machines. It has been repeatedly held that where it appears that the defendant has put himself in a position so that he is unable to comply with a demand, by a sale of the property, no demand is essential. Judgment should be reversed.

Judgment reversed, new trial ordered, with costs to the appellant to abide the event. All concur.