SAMUEL H. SIMON, Respondent, *v.* MARY E. SIMON, Appellant.

*Conversion — what possession is sufficient to sustain an action for, by a husband against his wife.*

Absolute, unqualified ownership is not necessary in order to authorize a person entitled to the possession of property to sue for its conversion, but there must have been possession of the property by the plaintiff or there must be an existing right to take immediate actual possession.

Proof that a wife who, before her marriage, had been put into the possession of property purchased by her husband and placed in a store which he had rented in his own name, while in charge of the business, induced her husband to go to a foreign State to get some money, agreeing later to repay him the money which he had put into the business, which she failed to do, and that the husband on his return to New York found that she had changed the lock and ordered him to be ejected should he enter the store, and that when he demanded the goods or the money advanced, both were refused by her, establishes an assertion of ownership by the wife which in law amounts to a conversion, the husband having the right to take immediate actual possession of the property, and the question whether he was in such actual possession or not, is not material.

APPEAL by the defendant, Mary E. Simon, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 17th day of December, 1897, upon the verdict of a jury, and also from an order entered in said clerk's office on the 10th day of January, 1898, denying the defendant's motion for a new trial made upon the minutes.

This appeal was transferred from the first department to the second department.

*Thomas F. Byrne*, for the appellant.

*E. Conway*, for the respondent.

WOODWARD, J.:

This action is brought by the plaintiff, husband of the defendant, for conversion of certain goods. Originally defendant's sister was a party defendant, but having died since its commencement the action proceeded against the defendant alone.

There is no question raised on the appeal as to the right of the husband to maintain this action, and the principal matters to which the attention of the court is directed are questions of fact, which have been determined by the jury in favor of the plaintiff, upon evidence clearly warranting such conclusion. There were two questions raised by the pleadings and tried in the case: *First,* "Was the plaintiff the owner of the property in question on the 18th day of July, 1895, and was he on that day in possession of it?" and, *second,* "Did the defendant on the 18th day of July, 1895, take and carry away that property?"

The authorities in this State are agreed that absolute, unqualified ownership is not necessary in order to authorize a person entitled to the possession of property to sue for its conversion. A person entitled to the temporary possession of chattels for a particular purpose may maintain such an action. (*Phillips* v. *McNab*, 16 Daly, 150.) It is necessary that "there must have been possession of the property by the plaintiff, or there must be an existing right to take immediate actual possession." (*Petrie* v. *Stark*, 79 Hun, 550, 554.)

The plaintiff in the case at bar had purchased the property of a third person, had removed it to a store in a different part of the street, which he had rented in his own name, and the defendant was put into possession, probably with the understanding that she should have the property on the repayment of certain sums of money which the plaintiff had advanced to put the business upon a paying basis. When the negotiation commenced the parties were not married; they were married subsequently, and the wife, in charge of the business, induced the husband to go into Pennsylvania, where he formerly resided, to get more money. Later she agreed to repay him the money which he had put into the business. She failing to do this, the husband returned to New York and found himself locked out, the wife having changed the lock on the door, and left orders with a sub-tenant to eject the plaintiff should he enter the store.

On the day in question the plaintiff gained access to the store by

means of the key of the sub-tenant; and, when the defendant entered, demanded the goods or the money which he had advanced; both were refused, defendant declaring that she would have nothing more to do with the plaintiff, and refused to allow him to accompany her to her flat.

Whether the plaintiff was in actual possession or not is not material; he had a right to take immediate actual possession, and the conduct of the defendant in changing the lock and in ordering the plaintiff to be ejected was an assertion of ownership in the defendant which in law amounted to conversion. (*Boyce* v. *Brockway*, 31 N. Y. 490; *Pease* v. *Smith*, 61 id. 477; *Laverty* v. *Snethen*, 68 id. 522; *Smith* v. *Smalley*, 19 App. Div. 519.)

Nor was it necessary that the defendant should have removed the goods or carried them away; it was enough to constitute conversion when she in this manner denied the right of the plaintiff to possession.

"It is enough," say the court in the case of *Pease* v. *Smith* (*supra*), " that the rightful owner has been deprived of his property by some unauthorized act of another assuming dominion or control over it. No manual taking on defendant's part is necessary." Again, the court say in the same case: " The assumed act of ownership was *inconsistent* with the dominion of the plaintiffs, and this is of the essence of a conversion."

The jury has found the facts necessary to constitute conversion, and there are no errors in the case requiring serious consideration.

The judgment and order appealed from should be affirmed, with costs.

All concurred.

Judgment and order affirmed, with costs.