(48 App. Div. 413.)

USHER v. VAN VRANKEN et al.

(Supreme Court, Appellate Division, Third Department. March 7, 1900.)

1. PLEDGES—SALE WITHOUT NOTICE—EFFECT—DEMAND—TENDER.
   One who held stock in pledge for a debt sold it privately without first demanding payment from the pledgor, or giving her notice of the time and place of the sale. The purchaser sold it to another, who again transferred it, all parties knowing the stock had been held as a pledge, and the common purpose being that the final transferee might use the stock in obtaining control of the corporation that issued it. *Held*, that since the stock was wrongfully sold by the pledgee, and all parties took with notice, they were all liable for its conversion, without demand or tender of the amount for which it was pledged.

2. TORTS—JOINT WRONGDOERS—RECOVERY AGAINST ONE.
   In an action against several as joint wrongdoers, recovery may be had against one or more, though not sustained as to the others.

Appeal from special term, St. Lawrence county.

Action by Hannah E. Usher against Josiah Van Vranken and others. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and HERRICK, MERWIN, and SMITH, JJ.

Everett & Ginn, Vasco P. Abbott, and W. B. Berry, for appellant.
Frank L. Bell, for respondent International Paper Co.
A. X. Parker, for respondents Flower.
Thomas Spratt, for respondents Van Vranken and Lefebvre.

PARKER, P. J. The complaint to which the demurrer is taken avers substantially the following facts: The plaintiff was indebted to the defendant Van Vranken in the sum of $18,361.14. As collateral security for such indebtedness, she pledged to him a claim against the Piercefield Paper & Mining Company, amounting to $33,000. That company was insolvent, and its assets were in the hands of a general assignee. Under an arrangement between the defendant Flower and most of the creditors of such company, a new corporation was organized, under the name of the "Piercefield Paper Company," with a nominal capital of $300,000, and the assets of such insolvent company were sold and transferred to it by the said assignee, and stock of the new company was issued to the creditors of the former company in proportion to their claims against it. Under such arrangement, Van Vranken received, in lieu of the $33,000 claim so pledged to him, stock of such new company to the amount of $34,100, being 341 shares of its stock at par. Thereafter Van Vranken must be deemed to have held the stock in pledge for his debt, inasmuch as the plaintiff has subsequently ratified such exchange. Subsequently, Van Vranken sold and transferred such debt and stock to the defendant Lefebvre for 70 per cent. of the amount of such stock, without any notice thereof to the plaintiff. Subsequently, Lefebvre assigned and transferred the stock, but not the debt against plaintiff, to the defendants Flower & Co. without any notice to the plaintiff; and Flower & Co. subsequently, and

without notice to plaintiff, assigned and transferred the same to the defendant the International Paper Company, who has since claimed to hold and own the same. It is further averred that Lefebvre, at the time he took the assignment of the debt and stock, knew that the stock was held as a pledge for the debt, and that both Flower & Co. and the International Paper Company received the assignment of the stock with knowledge that it was so held in pledge for the plaintiff's debt. It is also further alleged that the purchase so made by Lefebvre, and the subsequent transfer of the stock to Flower & Co. and the International Paper Company, were made in pursuance of a conspiracy between them all that the International Paper Company should acquire the ownership and control of a majority of the stock of the Piercefield Paper Company, to the end that such latter company might be consolidated with, and managed and controlled by, the International Paper Company. It is also averred that "each of the said defendants conspired with the other" in procuring the stock in question for that purpose, and that the International Paper Company has now the entire management and control of the said Piercefield Paper Company. The plaintiff tendered to Lefebvre the amount of her debt, and demanded from him the return of her said stock. Such demand was refused, and thereupon she brought this action against them all as joint tort feasors, for the conversion of the stock. The International Paper Company separately demurs to this complaint, among other grounds, for the reason that it does not state a cause of action against it. The special term sustained the demurrer upon such ground, and from the judgment entered thereon this appeal is taken.

We may assume, for the sake of the argument, that the sale and transfer of the debt and stock by Van Vranken to Lefebvre, without notice to the plaintiff, was not unlawful. Chapman v. Brooks, 31 N. Y. 75. In that event, Lefebvre thereafter became the creditor of the plaintiff, and held the stock in pledge for her debt. He took Van Vranken's rights, and assumed his obligations. His transfer, therefore, of the stock to Flower & Co., without first demanding payment from plaintiff, and giving her notice of the time and place of the sale thereof, was unlawful, and amounted to a conversion of such stock. Wilson v. Little, 2 N. Y. 443, 448; Markham v. Jaudon, 41 N. Y. 235, 243; Baker v. Drake, 66 N. Y. 518, 522; Gillett v. Whiting, 120 N. Y. 402, 24 N. E. 790; Minor v. Beveridge, 141 N. Y. 403, 36 N. E. 404. Also, it has been held that the sale of a pledge after default should not only be made upon notice, but at public sale, and hence, in this respect, the sale by Lefebvre was illegal and a conversion. Rankin v. McCullough, 12 Barb. 103; Ogden v. Lathrop, 65 N. Y. 162; 18 Am. & Eng. Enc. Law (1st Ed.) p. 712; Cook, Stock & S. § 478.

The defendants Flower & Co. and the International Paper Company each received the stock so converted, not only knowing that the transfer by Lefebvre was a conversion of plaintiff's stock, but that it was made at their suggestion, in pursuance of a scheme to place it in their control, to be by them used and voted upon to fur

ther their own interests. Thus Lefebvre, the creditor, was deprived of the power to restore the stock to the plaintiff, upon payment of her debt, by its unauthorized and wrongful transfer made at the request and for the benefit of Flower & Co. and the International Paper Company. Clearly all three of them were particeps criminis in the commission thereof, and neither of them could be protected as a bona fide owner of the stock so transferred.

The counsel for the International Paper Company, however, while he practically concedes that it has not acquired any title to the stock which is superior to the plaintiff's claim to the same, insists that an action for converting such stock cannot be maintained against it until after a demand has been made to such company to surrender the same. If such company had lawfully acquired possession of such stock, it would be necessary for plaintiff to show a demand and refusal by it before she could maintain this action against it. No such demand is averred, but, in my judgment, none was necessary.

Lefebvre committed the conversion at the suggestion of both Flower & Co. and the International Paper Company. It is distinctly averred in the complaint that all of the defendants conspired, "and each with the other" conspired, to procure the stock in question. This clearly includes the International Paper Company, and a fair interpretation of the charge is that this company acted in harmony with Flower & Co. in procuring possession of this stock. They did not purchase the debt. Neither assumed the relation of a pledgee to the plaintiff, but acquired the stock as an absolute owner thereof, and utilized it to carry out their mutual scheme, without notice to the plaintiff, and without any recognition of her rights therein. All having united in converting the stock, they were joint wrongdoers from the beginning, and a demand upon neither was necessary. 3 Am. & Eng. Enc. Law (2d Ed.) p. 754; Goodwin v. Wertheimer, 99 N. Y. 149, 153, 1 N. E. 404; Esmay v. Fanning, 9 Barb. 176, 190; Pease v. Smith, 61 N. Y. 481; Smith v. Smalley, 19 App. Div. 519, 522, 46 N. Y. Supp. 277.

The International Paper Company is not a creditor of the plaintiff, and it does not assume to hold this stock as such. It claims its title by transfer through Lefebvre, but it knew at the time it took it that Lefebvre was converting the plaintiff's property by transferring it. The plaintiff, therefore, seeks the value of this stock from such company, not through a redemption of it, but because such company has wrongfully acquired and converted it. No tender to the company was therefore necessary. Lefebvre is still the creditor, and to him alone could a tender of the debt and an offer to redeem be properly made. Felt v. Meye, 23 How. Prac. 359, 362.

Neither of the other grounds upon which this demurrer is based is a sufficient one. The gist of the action is clearly one against all the defendants as joint wrongdoers in converting the plaintiff's stock. In such an action recovery may be had against one or more, though not sustained against the others. The question here is whether it can be sustained against the International Paper Company. For the reasons above stated, I conclude that it may. The

Piercefield Paper Company, the Piercefield Paper & Mining Company, and Theodore H. Swift, its assignee, were neither of them necessary parties in determining that question. So, also, there is but one cause of action alleged, viz. the conversion above stated. The averments of conspiracy are but the statement of facts 'which show that the defendants were participators with Lefebvre in the unlawful sale, and therefore in the conversion, of the stock. There is nothing in the complaint indicating an action on contract to redeem the stock, or to declare the plaintiff's debt to be satisfied and discharged.

There is an averment to the effect that, by reason of the premises, plaintiff has been damaged in an amount equal to the value of the stock over and above the amount of the debt for which it was pledged, and she prays judgment for that amount. Possibly that would be her measure of damages as against Lefebvre for his conversion of the stock. Smith v. Savin, 141 N. Y. 329, 36 N. E. 338. Such averment, however, goes merely to the measure of damages for the conversion alleged. Whether it is or is not incorrect, as against the International Paper Company, it does not assume to add an additional cause of action thereto. My conclusion is that the order sustaining the demurrer was erroneous, and the judgment entered thereon must be reversed.

Judgment reversed, with costs of this appeal, and demurrer overruled, with costs, with leave to defendant to answer, upon payment of such costs, within 20 days after service of a copy of this order. All concur, except KELLOGG, J., not sitting.