(50 App. Div. 577.)

BAHR v. BOLEY.

(Supreme Court, Appellate Division, Second Department. April 14, 1900.)

1. CONVERSION—WHAT CONSTITUTES.
   Plaintiff hired certain vacant lots, and built several buildings thereon, with the right of removal at the termination of his tenure. He established a successful glass factory, and some four years later agreed with defendant, by whom the business was then conducted, to act as general manager, at a salary and one-half of the net profits. When the premises were sold, exclusive of plaintiff's interest therein, he took a lease of the new owner, under an agreement between plaintiff and defendant, contemplating a trial of the business by defendant, with a view to purchasing of the plaintiff a half interest in the business. Soon after, plaintiff was notified that his employment as manager was at an end, and that defendant had purchased the real estate. Upon tendering rent to him under the lease as the new owner, defendant claimed ownership of all the buildings and fixtures, and ordered plaintiff off the premises. Held such assertion of ownership as amounted to a conversion.

2. SAME—DEMAND.
   Although the original possession of defendant in conversion was lawful, if, after due notice of the plaintiff's right, he asserts hostile claim of ownership, no demand is necessary before suit.

3. SAME—DAMAGES.
   Two thousand five hundred dollars damages for conversion of buildings and fixtures is not excessive, where the improvements were erected at a

cost of five thousand dollars, and had been used four years, and a successful business had been established, and defendant, in resistance to plaintiff's ownership, had caused the latter's arrest.

Appeal from trial term, Kings county.

Action by Jacob G. Bahr against Benjamin Boley for conversion. From a verdict and judgment for plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Louis Wertheimer, for appellant.

J. Stewart Ross, for respondent.

HIRSCHBERG, J. The plaintiff hired certain vacant premises in Brooklyn, in the year 1890, from one Lewis Fischer, under an oral agreement, as he alleges, by virtue of which any buildings which he might erect upon the premises should belong to him, with the right of removal upon the termination of his tenure. He claims to have erected on the property a number of buildings, including a glass factory, furnace, stable, shed, and other improvements, at a cost of over $5,000, and to have carried on a successful business in the manufacture of glass bottles and demijohns. On the 7th day of August, 1894, he entered into a written agreement with the defendant, by whom the business of the factory was then being or to be conducted, which agreement provided, in substance, that the plaintiff should act as general manager of the defendant's business at a stated salary and one-half the net profits. Meanwhile the premises, not including the plaintiff's rights and interests, had been sold by Fischer to one Morris Steinhardt, and a written lease of the property was made by Steinhardt to the plaintiff on August 1, 1894, for the term of five years. The conduct of the business by the defendant and the taking of this lease of the property by the plaintiff were pursuant to some agreement between the parties contemplating a trial of the business by the defendant, and an ultimate purchase by him from the plaintiff of a half interest in the business and property rights for the sum of $5,000. The parties differ as to the precise terms of the arrangement. They also differ on the question of what knowledge, if any, the defendant had as to the plaintiff's rights in, and ownership of, the buildings and fixtures. On the 20th of December, 1894, the defendant wrote to the plaintiff, notifying him that his employment as manager would cease on the 22d inst., and also notifying him that he (the defendant) intended to run the factory, and would keep possession of the premises, and warning him that, if he came on the place to interfere with the business, the defendant would have him arrested in five minutes. On the 21st day of December, 1894, the real estate was conveyed to the defendant by Steinhardt for the expressed consideration of $4,000. The plaintiff alleges that he first learned of this purchase on the day that he received the letter notifying him of his discharge, and that on the 2d day of January, 1895, he went upon the premises to tender to the defendant, as the new owner of the real estate, the rent owing under the terms of the lease referred to. Here an altercation ensued, the defendant claiming the

possession and ownership of all the property, buildings, and fixtures, and resulting in the plaintiff's arrest, as he claims, at the defendant's instance. He was taken before a police magistrate by an officer called for that purpose by the defendant, and some charge was there preferred against him, but it was apparent to the magistrate that the disturbance resulted from a dispute about property rights, and he was at once discharged. The defendant remained in possession of all the property, buildings, and improvements, including tools and implements which the plaintiff claims to own, and this action is brought to recover their value as for a conversion and for the damages incident to the arrest. The parties were in direct conflict upon the trial on almost every question involved in the case. These questions were submitted to the jury by the learned trial justice in an accurate and careful charge, to which the defendant took no exception, and the jury rendered a verdict in favor of the plaintiff for $3,000, which was reduced by the court to $2,500. The verdict establishes the fact of the conversion and of the arrest, and is abundantly supported by the evidence. The assertion of ownership and dominion over the property, to the exclusion of the real owner, amounts to a conversion. Simon v. Simon, 38 App. Div. 85, 55 N. Y. Supp. 915, and cases cited; Lewis v. Pier Co., 125 N. Y. 341, 26 N. E. 301. And, although the original possession by the defendant may be lawful, yet if, after notice of the rights of the true owner and regardless thereof, he asserts hostile dominion and a claim of ownership, no demand is necessary before suit. Castle v. Bank, 75 Hun, 89, 26 N. Y. Supp. 1035. No alleged error in ruling upon the trial is presented on the appeal, and the amount of the verdict as reduced is not excessive.

The judgment and order should be affirmed, with costs. All concur.