ZION v. DE JONGE et al.

(City Court of New York, General Term. November, 1902.)

1. TROVER AND CONVERSION—WHAT CONSTITUTES CONVERSION — LEVY BY SHERIFF.

    The proof in an action of trover that plaintiff owned the goods, and that a sheriff levied thereon, is sufficient to show a conversion; it being unnecessary to also prove a removal and sale by the sheriff.

Appeal from Trial Term.

Action by Morris Zion against Louis De Jonge and others. From a judgment in favor of defendants entered on a direction of the court dismissing the complaint, plaintiff appeals. Reversed.

Argued before DELEHANTY and McCARTHY, JJ.

Phillips & Rippe, for appellant.

Lamb & Voss, for De Jonge and Zentgraf.

Leonidas Dennis, for the United States Fidelity & Guarantee Co.

DELEHANTY, J. The action is in conversion, and, in order to maintain at the trial the issues raised by the pleadings, plaintiff proved his ownership of the goods in question, that the sheriff levied thereon, and that thereafter he (plaintiff) never saw or had further to do with same. He sought to prove by parol the removal and sale by the sheriff of the levied goods, which testimony was excluded as secondary evidence. At the close of plaintiff's case, on motion of defendants, the complaint was dismissed for failure to prove a cause of action. I think this was error. "Conversion" has been defined to be an authorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition, or the exclusion of the owner's rights. Black, L. Dict.; Laverty v. Snethen, 68 N. Y. 524, 23 Am. Rep. 184. It is not incumbent on plaintiff, in an action of this nature, to make out more than a prima facie case in order to put the defendant to his proof. When, as here, he has shown ownership, and the levy by the sheriff for sale, he has done all that the law requires, for the act of the sheriff was such an exercise of dominion over the goods in question as would sustain an action for either conversion or replevin, although there was no actual removal of the goods. Alvord v. Haynes, 13 Hun, 28; Knapp v. Smith, 27 N. Y. 277; Smith v. Smalley, 19 App. Div. 521, 46 N. Y. Supp. 277. It follows, therefore, that the complaint herein was improperly dismissed, and for the error thus committed the judgment appealed from must be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed and new trial granted, with costs to appellant to abide event.

McCARTHY, J., concurs.