### LANGFELDER et al. v. RENOUF.

#### (Supreme Court, Appellate Term. June 22, 1903.)

1. COUNTERCLAIM—CONVERSION OF GOODS—BAILEE.
     A bailee of goods has a right to maintain a counterclaim for conversion thereof.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by M. Langfelder and others against John J. Renouf. From a judgment for plaintiffs, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Cantwell, Moore & McDonnell, for appellant.
Emile Dreyful, for respondent.

MacLEAN, J. To a complaint of work, labor, and services of the value of $25.62 the defendant answered with a general denial, counterclaim of $30.76, and payment. The pleadings were oral. The plaintiffs proved their claim without objection. The nature of the counterclaim was not disclosed until, in the course of his direct examination, the defendant testified to shortages of goods sent by him to the plaintiffs to be laundered and returned, when the trial judge remarked: "I hold that the defendant cannot recover for these articles unless they are his own; that no articles can be made the subject of a counterclaim except those owned by the defendant, or the claim for which has been assigned to him." To this the defendant excepted. It was error. The defendant, a bailee of these articles, had a right to maintain a counterclaim for conversion of the goods. See Katz v. Diamond, 16 Misc. Rep. 577, 38 N. Y. Supp. 766. Then the defendant, by his counsel, offered to show that the articles he sought to recover were placed in the defendant's custody by several owners, and that he in turn made a contract with the plaintiffs, by which the plaintiffs agreed to perform work upon the property, and return them, but, failing so to do, the defendant claimed damages in the value of the articles for the plaintiffs' failure to perform their contract. Objection to this was sustained, and defendant took an exception. Notwithstanding, the defendant was allowed to proceed, and offered some

testimony as to an agreement wiping out a difference; but whether or not that was all the difference between the parties does not clearly appear. The judgment should be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.