### ABRAMSON v. BRIMBERG et al.

#### (Supreme Court, Appellate Term.   January 21, 1910.)

1. TROVER AND CONVERSION (§ 9*)—NECESSITY OF DEMAND.
    Defendants, though originally in lawful possession, having, with notice of the rights of the true owner, asserted hostile dominion and a claim of ownership, by sale 'to another, putting it out of their power to comply with a demand for the goods, none was necessary for an action for conversion.
    [Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. § 70 ; Dec. Dig. § 9.*]

2. COURTS (§ 189*)—MUNICIPAL COURT—ARREST—GROUNDS—FRAUD IN DISPOS-
    ING OF PROPERTY.
    Defendants, having with knowledge of plaintiff's ownership sold goods to another, for conversion of which action is brought, are within Municipal Court Act (Laws 1902, p. 1508, c. 580) § 56, subd. 3, as amended by Laws 1903, p. 358, c. 156, § 1, providing for granting of an order for arrest of a defendant where he has been guilty of fraud in disposing of the property for conversion of which the action is brought.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 409 ; Dec. Dig. § 189.*]

3. COURTS (§ 190*) — REVIEW OF JUDGMENT OF MUNICIPAL COURT—MODIFICA-
    TION OF JUDGMENT.
    The Appellate Term, on appeal from a judgment of the Municipal Court, may insert therein a provision, to which plaintiff was entitled under the proof, 'that defendants are liable to arrest and imprisonment on execution, though there was no motion below for the modification.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 103 ; Dec. Dig. § 190 ;* Appeal and Error, Cent. Dig. § 3379½.]

---

*For·other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. COSTS (§ 238*)—COSTS ON APPEAL—MODIFICATION OF JUDGMENT.

    A modification of a judgment on appeal will be without costs, where plaintiff could have obtained the same relief by motion below, but failed to make the motion.

    [Ed. Note.—For other cases, see Costs, Cent. Dig. § 912; Dec. Dig. § 238.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Moses Abramson against Simon Brimberg and another. From the judgment for plaintiff, he appeals, because of its failure to provide that defendants are liable to arrest and imprisonment on execution under the judgment. Modified and affirmed.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Denis A. Spellissy, for appellant.

Slade & Slade, for respondents.

LEHMAN, J. The plaintiff alleged and proved a cause of action for the conversion of goods. Although the original possession of the defendants was lawful, yet with notice of the rights of the true owner, and regardless thereof, they asserted hostile dominion and a claim of ownership, by sale to other parties. No demand was therefore necessary. Bahr v. Boley, 50 App. Div. 577, 64 N. Y. Supp. 200. "It has been repeatedly held that where it appears that the defendant has put himself in a position so that he is unable to comply with a demand, by a sale of the property, no demand is essential." Torres v. Rogers, 28 Misc. Rep. 176, 58 N. Y. Supp. 1104; Kavanaugh v. McIntyre, 128 App. Div. 722, 112 N. Y. Supp. 987.

 The plaintiff has shown all the facts necessary to bring the case within the provisions of subdivision 3 of section 56 of the Municipal Court act. The trial justice failed to insert in the judgment any provision for the arrest of the defendants. Upon an appeal from the judgment, even though the plaintiff has failed to move in the court below for a modification or amendment thereof, we have the power to modify by inserting the words: "Defendants liable to arrest and imprisonment on execution." Ostrom v. Sapolsky, 49 Misc. Rep. 610, 96 N. Y. Supp. 1070.

The judgment should be so modified; but, since the plaintiff might have obtained the same relief by motion in the court below, it should be affirmed, as modified, without costs. All concur.